**In re Johnny F. JAMES.**

**Bankruptcy No. 9601115JEE.**

United States Bankruptcy Court,
S.D. Mississippi,
Jackson Division.

Feb. 7, 1997.

Barney E. Eaton,III, Jackson, MS, James Shelson, Pearl, Ms, for debtor.

Terre M. Vardaman, Harold J. Barkley, Jr., Jackson, MS, for Chapter 13 Trustee.

Rachel H. Lenoir, Jackson, MS, for Rival Mfg. Co., Inc.

***ORDER DENYING IN PART AND GRANTING IN PART THE MOTION FOR APPROVAL OF CONTRACT AND FOR APPROVAL OF SETTLEMENT AGREEMENT***

EDWARD ELLINGTON, Bankruptcy Judge.

**THIS MATTER** came before the Court on the *Motion For Approval Of Contract And For Approval Of Settlement Agreement* and the letter objection thereto. After considering same and for the reasons stated below, the Court finds that the motion should be denied in part and granted in part, to-wit:

On or about May 18, 1995, James W. Shelson, as the attorney for Johnny F. James, filed a civil suit in the United States District Court for the Southern District of Mississippi styled *Johnny F. James v. Rival Manufacturing Company, Inc.* Civil Action No. 3:95cv276BN (District Court lawsuit).

On March 29, 1996, Barney E. Eaton, as the attorney for Johnny F. James, filed a

petition for relief under Chapter 13 of the United States Bankruptcy Code.[1] The *Order Confirming The Debtor's Plan* was entered on May 29, 1996. Based upon the Debtor's lack of disposable income, the Debtor's plan was confirmed with the unsecured creditors receiving no distributions.

On October 16, 1996, Mr. Shelson filed a *Motion For Approval Of Contract And For Approval Of Settlement Agreement* (motion) in the Debtor's above styled Chapter 13 bankruptcy case. In this motion, Mr. Shelson is seeking to have the Bankruptcy Court approve the settlement of the District Court lawsuit and to approve the *Contract For Legal Services–Contingency Fee* which the Debtor and Mr. Shelson entered into on May 12, 1995.

In his motion, Mr. Shelson states that Rival Manufacturing Company, Inc. (Rival) has offered to fully compromise the claims of the Debtor for the sum of $5000 upon the terms and conditions set forth in the releases which were attached to the motion. In addition, Mr. Shelson is seeking to have the Court approve the *Contract For Legal Services–Contingency Fee.* Therefore, if the Court approves the settlement and the fee contract, $1336 of the $5000 offered by Rival would be paid to Mr. Shelson for expenses incurred in the representation of the Debtor in the District Court lawsuit, and $1209.12 of the $5000 offered by Rival would be paid to Mr. Shelson for attorney fees incurred in the representation of the Debtor in the District Court lawsuit. This would leave a balance of $2454.88 to be paid over to the Debtor's Chapter 13 Trustee, Harold J. Barkley, Jr., for distribution through the Debtor's Chapter 13 estate.

On October 18, 1996, Mr. Shelson filed his *Notice Of Motion For Approval Of Contract And For Approval Of Settlement Offer* (notice). This notice was sent to the Debtor and to all of the Debtor's creditors giving them an opportunity to file an objection to the proposed settlement and fee contract. On November 8, 1996, the Debtor, Mr. Shelson's client in the District Court lawsuit, filed a letter objecting to the proposed settlement with Rival. At the hearing on his objection, the Debtor basically stated that he believes the settlement offer is a "token fee" and that he wishes to proceed to a trial on the merits in District Court. The Debtor did not raise an objection to that portion of the motion which seeks approval of the *Contract For Legal Services–Contingent Fee.*

Pursuant to § 541, once a debtor files a petition for relief under the Bankruptcy Code, an estate is created. All legal and equitable interests of the debtor become property of his or her estate. In a Chapter 7 case, one of the duties in § 704 with which the Chapter 7 trustee is charged is the duty of collecting and liquidating to cash all property of the debtor's estate. In addition, § 323 states that the trustee is the legal "representative of the estate" and is the proper party in interest "to sue and be sued."

However, a different type of estate is created when a debtor files a petition for relief under Chapter 13. "Of course, since chapter 13 does not contemplate the liquidation of property of the estate, the concept is somewhat less significant in chapter 13 cases than in chapter 7 liquidation cases." 8 *Collier on Bankruptcy* § 1300.12[18], p. 130049, 15th ed. revised 1996. Section 1306 creates an estate when a debtor files a petition for relief under Chapter 13. In addition to the property specified in § 541, the Chapter 13 estate also includes earnings from services performed by the debtor post-petition and other property as specified in § 541 that is acquired post-petition.

The issue of whether a debtor can sue and be sued is also different in a petition filed under Chapter 13 of the Code. "Though there is no specific section of Chapter 13 authorizing the debtor to commence or continue lawsuits by or against the debtor, it is generally recognized that the debtor is the proper party to sue or be sued in a Chapter 13 case." Lundin, 1 *Chapter 13 Bankruptcy* § 3.45, p. 3–38, 2nd ed.1994 (footnote omitted). Judge Keith M. Lundin then goes on

---

1. Hereafter, all code sections refer to the United States Bankruptcy Code found at Title 11 of the United States Code unless otherwise noted.

to analyze the various code sections which support his conclusion that a Chapter 13 debtor may sue and be sued. He further states:

> [O]ne court held that a Chapter 13 debtor's right to sue and be sued, though exercised concurrently with the trustee, is exclusively the debtor's with respect to who 'owns' a civil rights action in which the debtor is the plaintiff, thus, the debtor controls whether and on what terms to settle the lawsuit. This is a sensible outcome. If the Chapter 13 debtor has the exclusive right to 'use' the lawsuit under §§ 1303 and 363, then the debtor should control all aspects of the litigation, including settlement. The debtor would certainly have to notice any such settlement to all creditors under Bankruptcy Rule 9019.

Lundin, p. 3–39. (footnote omitted). *See In re Wirmel*, 134 B.R. 258 (Bankr.S.D.Ohio 1991); *See also, In re Kutner*, 3 B.R. 422, (Bankr.N.D.Tex.1980). This Court agrees with Judge Lundin's conclusions that a Chapter 13 debtor may sue and be sued, and that the Chapter 13 debtor "controls whether and on what terms to settle the lawsuit."

 Applying this reasoning to the case at bar, the Court finds that the Debtor has the authority to pursue his claim against Rival in District Court. Since the Debtor controls whether and on what terms to settle his lawsuit against Rival, the Court finds that the motion filed by his attorney, Mr. Shelson, to settle the District Court lawsuit should be denied as the Debtor opposes the settlement. However, if a subsequent settlement is reached between the Debtor and Rival, the settlement must be noticed to all of the Debtor's creditors and any payment made by Rival must be paid to the Debtor and his Chapter 13 Trustee, Harold J. Barkley, Jr., as joint payees. In addition, if the Debtor receives a judgment against Rival, then any payment made by Rival must be paid to the Debtor and his Chapter 13 Trustee, Harold J. Barkley, Jr., as joint payees. If the Debtor is awarded or receives any payment from Rival, the Court will then reexamine the Debtor's disposable income and determine if the Debtor's plan should be modified.

 In his objection, the Debtor did not state any objection to the *Contract For Legal Services–Contingency Fee* which he and Mr. Shelson entered into on May 12, 1995, and the Court finds that the contract should be approved. However, any future request for fees and expenses by Mr. Shelson will be considered by the Court after notice to the Debtor and all creditors pursuant to Federal Rule Of Bankruptcy Procedure 2002.

**IT IS THEREFORE ORDERED** that the portion of the *Motion For Approval Of Contract And For Approval Of Settlement Agreement* filed on October 16, 1996, which requests the Court to approve the settlement of the civil suit filed in the United States District Court for the Southern District of Mississippi styled *Johnny F. James v. Rival Manufacturing Company, Inc.,* Civil Action No. 3:95cv276BN, is hereby denied.

**IT IS FURTHER ORDERED** that any future settlement must be noticed to all of the Debtor's creditors and any payment made by Rival must be paid to the Debtor and his Chapter 13 Trustee, Harold J. Barkley, Jr., as joint payees and that payment of any judgment awarded to the Debtor is to be paid to the Debtor and his Chapter 13 Trustee, Harold J. Barkley, Jr., as joint payees.

**IT IS FURTHER ORDERED** that the portion of the *Motion For Approval Of Contract And For Approval Of Settlement Agreement* which requests the Court to approve the *Contract For Legal Services–Contingency Fee* which Mr. Shelson and the Debtor entered into on May 12, 1995, is hereby approved and that any future request for fees and expenses by Mr. Shelson will be considered by the Court after notice to the Debtor and all creditors pursuant to Federal Rule Of Bankruptcy Procedure 2002.

SO ORDERED.