Jessie ALLEN, et al., Plaintiffs,

v.

CITY FINANCE COMPANY, Defendant.

CIV. A. No. 3:98CV173BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

July 13, 1998.

Edward Blackmon, Jr., Blackmon, Blackmon & Evans, Canton, MS, Forest R. Frazer, II, Langston, Frazer, Sweet & Freese, Jackson, MS, H.D. Brock, Whittington, Brock, Swayze and Dale Greenwood, MS, for Plaintiffs.

John L. Low, IV, Jimmy Fred Spencer, Jr., Watkins & Eager, Jackson, MS, for Defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Plaintiffs' Motion to Remand. Having considered the Motion, Response, Rebuttal, all attachments to each, and supporting and opposing memoranda, the Court finds that the Motion is well taken and should be granted.

### I. Factual History and Procedural Background

This case involves claims brought by debtors against a loan company which the debtors allege engaged in various wrongful practices relating to the loans, interest and fees charged to the debtors. Although the case was brought in state court and alleges only violations of state law, Defendant contends that the case actually arises under federal law and involves core bankruptcy proceedings.

On January 30, 1998, Plaintiffs filed their Complaint against Defendant City Finance Company ("City Finance") in the Circuit Court of Holmes County, Mississippi. Plaintiffs all have had loans or cosigned or guaranteed loans with City Finance. Plaintiffs allege that they were all charged for credit life, credit disability, property damage, and/or collateral protection insurance, as well as other insurance products and fees in connection with their loans with City Finance. Plaintiffs allege that City Finance wrongfully charged them for unnecessary credit protection insurance, wrongfully concealed its use of the "Rule of 78" to calculate interest, wrongfully "flipped" loans for bigger premiums, took improper security interests in Plaintiffs' goods, charged junk fees, unlawfully compounded interest, wrongfully padded amounts financed, and committed other practices unconscionable under the Mississippi Uniform Commercial Code.

Plaintiffs allege that Defendant is liable for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duties, civil conspiracy, negligence, fraudulent misrepresentation and/or omission, negligent misrepresentation and/or omission, and unjust enrichment. Plaintiffs allege that all of these causes of action arise under Mississippi law. Plaintiffs expressly state that they are not pursuing any claims arising under any federal law or regulation.

On March 3, 1998, Defendant filed a Notice to Remove the case to this Court. In their Notice of Removal, Defendant asserted that some Plaintiffs had filed for bankruptcy, thus, Plaintiffs' cause of action arises in or relates to cases under 11 U.S.C. § 1301 et. seq. ("title 11"). Defendant also asserted that Plaintiffs' lawsuit arises under and presents substantial questions of federal law because the resolution of some of Plaintiffs' claims necessarily turns on Defendant's compliance with Regulation Z and the federal Truth in Lending Act ("TILA").

On March 4, 1998, Plaintiffs voluntarily dismissed the claims of Plaintiffs Linda K. Miles, Jerry Edwards, and Mary Ferguson, all of whom had cases in bankruptcy.

On April 5, 1998, Plaintiffs filed their Motion to Remand. In their Motion to Remand, Plaintiffs assert that their claims are based

solely on state law and that at no time have they claimed violations of TILA. In fact, Plaintiffs insist that they expressly excluded any and all claims under federal law. Additionally, Plaintiffs note that Miles, Edwards, and Ferguson were voluntarily dismissed as Plaintiffs. For this reason, Plaintiffs contend that the Court lacks subject matter jurisdiction and the case must be remanded. Alternatively, Plaintiffs argue that even if Plaintiffs' claims were "related" to the bankruptcy actions of Miles, Edwards, and Ferguson, the claims are "non-core" proceedings appropriate for mandatory or discretionary abstention of this Court.

On May 1, 1998, Defendant responded to Plaintiff's Motion to Remand. Defendant argues that Plaintiff's Motion should be denied on several grounds. Defendant contends that Plaintiffs failed to timely request remand of the case and thus waived their right to do so.

Defendant also contends that the Court should allow the removal of this case under the "Artful Pleading Doctrine." Defendant claims that some of Plaintiffs claims arise under TILA and Regulation Z. Defendant notes that TILA and Regulation Z impose mandatory disclosure requirements upon creditors extending credit to buyer consumers. Regulation Z requires that all disclosures be accurate and complete. Defendant asserts that this is precisely what Plaintiffs claim the Defendant failed to do with regard to the cost of the credit life, disability and other insurance associated with their loans. Specifically, Defendant alleges that Plaintiffs' claim of breach of the implied covenants of good faith and fair dealing is a federal claim for which there is no state law remedy. Defendant contends that under Mississippi law, Plaintiffs cannot recover for breach of implied covenants of good faith and fair dealing because Plaintiffs made this claim in connection with the formation, as opposed to the performance, of a contract.

Additionally, Defendant argues that Plaintiffs' purported dismissal of the bankrupt Plaintiffs is of no effect because these individuals were Plaintiffs at the time of removal. Defendant notes that Ivory Payne, another Plaintiff in bankruptcy, was not dismissed from the action. Defendant argues that since City Finance Company filed proofs of claim in all four bankruptcies, the outcome of this proceeding could conceivably have an effect on the bankruptcy estates, and this case "relates to" the bankruptcies such that the Court has jurisdiction over the case.

Defendant also argues that abstention is not proper. Defendant contends that this case is a "core proceeding." Defendant notes that in the Ferguson, Miles and Edwards bankruptcies, City Finance filed proofs of claim before this lawsuit was filed. Defendant asserts that the bankrupt Plaintiffs' claims against City Finance in this action could have been filed as counterclaims in response to the proofs of claim filed by City of Finance in the bankruptcy estates. Because this action is a "core proceeding," according to Defendant, mandatory abstention does not apply to this case. Defendant also argues that discretionary abstention is not required. Defendant insists that the Court should retain jurisdiction because of the effect on the bankruptcy cases, the predominance of the bankruptcy issues, the direct relatedness of the bankruptcy cases, the lack of prejudice to the other parties, and because of several other considerations.

On May 22, 1998, Plaintiffs voluntarily dismissed the claim of Ivory Payne. In their Rebuttal to Defendant's Response, Plaintiffs argue that their Motion to Remand was timely. Plaintiffs also note that Ivory Payne was dismissed as a Plaintiff. Plaintiffs argue that since all of the bankrupt Plaintiffs have been dismissed from the lawsuit, the claims of the remaining Plaintiffs cannot be "related to" any bankruptcy proceedings. However, Plaintiffs argue in the alternative that even if the remaining claims are related somehow to the bankruptcy cases, this case nonetheless constitutes a "non-core proceeding." Plaintiffs argue that the Court should abstain from hearing this case on equitable grounds since no federal claims have been asserted and since all of the bankrupt Plaintiffs have been voluntarily dismissed from the lawsuit.

## II. *Analysis*

The Court finds that according to the computation method prescribed in Rule 6(a) of the Federal Rules of Civil Procedure, Plain-

tiffs' Motion to Remand was timely. The Court now turns to the merits of the Motion.

■ Because the Defendants removed this case on the basis of federal question jurisdiction, removal will only be proper " 'if the action is one arising under the Constitution, laws or treaties of the United States.' " *See Rivet v. Regions Bank of Louisiana, F.S.B.*, 108 F.3d 576, 582 (5th Cir.1997) (quoting 28 U.S.C. §§ 1331 and 1441(b)), reversed on other grounds, —— U.S. ——, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). Defendants argue that federal jurisdiction is proper under two bases: the claims arose under TILA, and the claims arose under and relate to bankruptcy proceedings.

### A. Do the claims arise under TILA?

To determine whether this case "arises under" TILA, the Court must look to the "well-pleaded complaint" rule. As stated by the United States Court of Appeals for the Fifth Circuit:

A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint.... Generally, under section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law.... Accordingly, to support removal, the defendant must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim, ignoring his own pleadings and petition for removal. A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action."

*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir.1995) (citations omitted).

■ Where a plaintiff asserts claims that arise under both federal and state law, the plaintiff is the master of his complaint, and he may decide in which forum he chooses to proceed:

A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded.

*Id.* (citations omitted). *See also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 & n. 7, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (noting that because the plaintiff is the master of his complaint, he may "avoid federal jurisdiction by exclusive reliance on state law") (footnote omitted).

■ The artful pleading doctrine is an exception to the well pleaded complaint rule.

[I]n certain situations where the plaintiff necessarily has available no legitimate or viable state cause of action, but only a federal claim, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law....

. . . .

The artful pleading doctrine recognizes that the characterization of a federal claim as a state claim will not in all cases prohibit removal when the plaintiff has no state claim at all. The doctrine does not convert legitimate state claims into federal ones, but rather reveals the suit's necessary federal character.... Absent such extraordinary circumstances, the well-pleaded complaint rule governs.... That is, if a plaintiff indeed has a viable state law claim, he may depend on it alone and thereby defeat attempts at removal.

*Id.* at 366–67, 107 S.Ct. 2425 (citations omitted).

■ The Court has carefully read and reviewed the Plaintiffs' Complaint and concludes that the Plaintiffs have stated several viable state law claims. Although Defendant argues that Plaintiffs' claim of breach of implied covenants of good faith and fair dealing will not be recognized by a Mississippi state court because this duty applies to enforcement of a contract as opposed to formation of a contract, the Court notes that the alleged "flipping" and compounding of interest apparently took place after formation of the contract. At any rate, the Court cannot say that Plaintiffs have not stated a claim under state law for breach of implied covenant of

good faith and fair dealing. *See Paxton v. Weaver, et al.,* 553 F.2d 936, 939 n. 2 (5th Cir.1977) (stating that it is not task of federal court to determine exactly how Mississippi courts would pass on plaintiff's various theories of liability, but that federal court only needs to decide "whether, under a liberal review of Mississippi law or what it might be, arguable grounds exist for recovery").

While the Complaint does state claims which appear to be based upon TILA, the Plaintiffs have expressly stated in their submissions to this Court that they are not relying on any law other than state law to support their causes of action. For these reasons, the Court finds that Plaintiffs have stated viable state causes of action in their Complaint.

**B. Does the Court have jurisdiction under title 11?**

■ It is a well established principal of removal jurisdiction that grounds for removal are determined at the time of removal. *Walker v. FDIC,* 970 F.2d 114, 120 (5th Cir.1992). Defendants assert that at the time this case was removed to this Court, four of the individual Plaintiffs had estates in bankruptcy and, for this reason, this Court has jurisdiction pursuant to title 11.

The Court notes that the fact that Plaintiffs voluntarily dismissed the claims of their four bankrupt Plaintiffs does not, in and of itself, provide grounds for the Court to remand this case to state court. As Wright and Miller have stated:

> It is often said that the jurisdiction of the federal courts over a properly removed action will not be defeated by later developments in the suit. Thus, for example, the court has the power to continue to hear jurisdictionally insufficient claims removed under Section 1441(c) even after the claim or claims providing the basis for removal have been eliminated from the action, although the court may choose to remand the nonfederal claims.

Wright & Miller, 14A Federal Practice and Procedure, § 3739, p. 582.

■ Viewing the Complaint as it existed at the time of removal, bankruptcy jurisdiction is determined under 28 U.S.C. § 1334. This statute provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334. Thus, the Court can exercise subject matter jurisdiction over the removed action if it is classified as one of the following: (1) a "case under title 11"; (2) a proceeding "arising under" title 11; (3) a proceeding "arising in" a case under title 11; or (4) a proceeding "related to" a case under title 11. "For the purpose of determining whether a particular matter falls within the bankruptcy jurisdiction, it is not necessary to distinguish between proceedings 'arising under,' 'arising in a case under,' or 'related to a case under' title 11." *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987). To determine whether a district court has jurisdiction under 28 U.S.C. § 1334, "it is only necessary to determine whether a matter is at least 'related to' the bankruptcy." *Id.*

■ As a general rule, a proceeding is "related to" a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, and the outcome of that proceeding could possibly have an impact on the estate being administered in bankruptcy. *See In re Wood,* 825 F.2d 90, 93 (5th Cir.1987); *In re Gardner,* 913 F.2d 1515, 1518 (10th Cir.1990). In addition, the Fifth Circuit has stated that, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling of the bankrupt estate." *In re Majestic Energy Corp.,* 835 F.2d 87, 90 (5th Cir.1988)(quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984)).

■ The Court finds that the Plaintiffs' state court action was "related to" the bankruptcy cases of the now-dismissed Plaintiffs because if a judgment was rendered in favor of these Plaintiffs in state court, this award would have the effect of increasing property of the bankruptcy estates. Thus, this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1334.

In *Wilson v. Merchants & Farmers Bank,* 3:97CV598BN, Slip Opinion, March 13, 1998, this Court held that once a district court decides that bankruptcy subject matter jurisdiction exists over a removed action, the Court must then determine whether the removed action is a core or non-core proceeding under 28 U.S.C. § 157(b). With regard to the power of bankruptcy judges to hear core and non-core proceedings, the Court stated:

> Under § 157(b)(1), bankruptcy judges have the sole power to hear "all core proceedings arising under title 11 or arising in a case under title 11." However, the power of the bankruptcy judge to determine matters that are non-core proceedings and merely "related to" a pending bankruptcy is not as broad. In non-core cases, the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court. *In re Wood,* 825 F.2d 90, 95 (5th Cir.1987).

*Wilson,* Slip Op. at 17–18.

Defendants argue that this case is a core proceeding under § 157(b)(2)(C). Under § 157(b)(2)(C), "counterclaims by the estate against persons filing claims against the estate" are core proceedings. The Fifth Circuit has held that "a response to a proof of claim which is, in essence, a counterclaim, is a core proceeding under 28 U.S.C. § 157(b)(2)(O)." *In re Baudoin,* 981 F.2d 736, 741 (5th Cir.1993). In *Wilson,* this Court stated:

> Three events must occur before a matter can be deemed a core proceeding under § 157(b)(2)(C). First, a person should be in bankruptcy. Second, a person or entity such as a creditor must file a claim against

the estate. Third, in response to this proof of claim, the estate must file a claim against the person who filed the original proof of claim.

*Wilson,* Slip Op. at 21. *See Baudoin,* 981 F.2d at 742 (where debtor filed for bankruptcy, then bank filed proof of claim against debtor, and then debtor filed lender liability suit against bank, lender liability suit was core proceeding because lender liability suit was brought in response to proof of claim).

■ In this case, Ferguson, Miles, and Edwards filed for bankruptcy. City Finance filed proofs of claims in all three of their cases. Then Ferguson, Miles, and Edwards, along with all of the other Plaintiffs, filed this action against City Finance regarding loans which were the subject of their proofs of claim. The claims asserted by Ferguson, Miles, and Edwards in this lawsuit were, in essence, counterclaims to the proofs of claims filed by City Finance in the bankruptcy estates. For this reason, the Court finds that, as of the time of removal, this case is a core proceeding under § 157(b)(2)(C) .[1]

However, this does not necessarily mean that the Court must hear the case on the merits. Section 1452(b) provides that

> The court to which [a bankruptcy] claim is removed may remand such claim . . . *on any equitable ground.* An order entered under this subsection remanding a claim . . . or a decision to not remand, is not reviewable by appeal.

28 U.S.C. § 1452(b) (emphasis added). Although Plaintiff contends that the Court should abstain from hearing this case under the doctrine of mandatory or discretionary abstention expressed in 28 U.S.C. § 1334(c), the Court finds that § 1452(b) is the more appropriate authority for determining whether the Court should remand this case.

Some courts, when deciding whether to remand a case under § 1452(b), take into account whether abstention would also be possible. *O'Rourke v. Cairns,* 129 B.R. 87, 90 (E.D.La.1991). For purposes of analysis, the Court will consider the principles of discre-

---

**1.** Since the Court finds that, as of the time of removal, the case is a core proceeding under § 157(b)(2)(C), the Court need not determine whether the case is a core proceeding under § 157(b)(2)(O).

tionary, as opposed to mandatory[2], abstention in determining whether the case should be remanded on equitable grounds.

According to the principles of discretionary abstention, the Court is permitted to abstain from hearing a case arising under title 11 where abstention is in the interest of justice, comity with state courts, or respect for state laws. 28 U.S.C. § 1334(c)(1). In *Searcy v. Knostman*, 155 B.R. 699, 710 (S.D.Miss. 1993), the court set forth 14 factors that a court may consider in determining whether to exercise discretionary abstention. These factors are:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends abstention;

(2) extent to which state law issue predominate over bankruptcy issues;

(3) difficulty or unsettled nature of the applicable law;

(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Id.* (citing *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir.1990); *Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Co.*, 130 B.R. 405, 407–08 (S.D.N.Y. 1991); and *Western Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 2 (E.D.Cal. 1988)).

Applying these factors to the Plaintiffs' claims, the Court finds that the factors of discretionary abstention point toward remand. All of the bankrupt Plaintiffs have been dismissed from this lawsuit. Nothing that happens in this lawsuit will affect the administration of the bankruptcy estates of these dismissed Plaintiffs. Since none of the remaining Plaintiffs are in bankruptcy, there are no bankruptcy issues that the Court must decide, and state law issues predominate.

The only jurisdictional basis this Court has over the case is the bankruptcy of the dismissed Plaintiffs. Thus, there is no jurisdictional basis other than § 1334. Yet, since these Plaintiffs have been dismissed, this case has no relatedness to the bankruptcy cases. Stated another way, the substance of the asserted core proceeding actually has nothing to do with bankruptcy. The remaining Plaintiffs are "nondebtors," that is to say, they are not in bankruptcy. For all of these reasons, the Court finds that remand would be equitable in this case.

### III. *Conclusion*

Plaintiffs' Motion to Remand was timely filed. Plaintiffs alleged viable state claims in their Complaint. Because four of the Plaintiffs were in bankruptcy at the time of removal, this Court has jurisdiction because this case was related to the bankruptcy estates. With regard to the bankruptcy estates of dismissed Plaintiffs Ferguson, Edwards and Miles, this case was a core proceeding. However, since the claims of all of the bankrupt Plaintiffs have been dismissed, and there is no other basis for federal jurisdiction, the Court is remanding the case to state court on equitable grounds.

---

**2.** Mandatory abstention would not apply in this case since the Court has determined that, as of the time of removal, the case is a core proceeding. See § 1334(c)(2) (abstention is only mandatory if the proceeding does not arise under Title 11).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [4–1] should be and hereby is granted. This case will be remanded to the Circuit Court of Holmes County, Mississippi.