**Katie BEASLEY, et al., Plaintiffs,**

v.

**PERSONAL FINANCE CORPORATION; American Security Insurance Company; Century Credit Life Insurance Corporation; Bancorp South Bank; and Sheila Kellum, Defendants.**

**Civ.A. No. 3:01–cv–845BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

May 17, 2002.

Don John W. Barrett, Brian Kelly Herrington, Barrett Law Offices, Lexington, MS, James C. Patton, Jr., Crawley Law Office, Louisville, MS, Robert J. Hedge, Richard H. Taylor, Taylor, Martino & Hedge, P.C., Mobile, AL, Pieter Teeuwissen, Danks, Simon & Teeuwissen, Anthony R. Simon, Richmond, Simon & Abston, Jackson, MS, for plaintiffs.

Fred Krutz, III, John Chase Bryan, Forman, Perry, Watkins, Krutz & Tardy, Charles E. Griffin, Griffin & Associates, Randy L. Dean, Walter D. Willson, Wells, Marble, & Hurst, Jackson, MS, for defendants.

## *OPINION AND ORDER*

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiffs for Voluntary Dismissal, or in the alternative, for Severance. Having considered the Motion, Response, Rebuttal, attachments to each, and opposing and supporting authority, the Court finds that the Motion is not well taken and should be denied.

Also before the Court is the Motion of Plaintiffs to Remand. Having considered

the Motion, Response, Rebuttal, attachments to each, and opposing and supporting authority, the Court finds that the Motion is well taken and should be granted.

## I. Background and Procedural History

Plaintiffs entered loan agreements with Defendant Personal Finance Corporation. In conjunction with the loans, Plaintiffs purchased various insurance policies through Defendant Century Credit Life Insurance Corporation and/or Defendant American Security Insurance Company. On August 11, 2000, Plaintiffs filed suit in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Plaintiffs alleged that Defendants conspired to defraud and mislead them in connection with their loans and their purchases of insurance in connection with their loans. Based on this conduct, Plaintiffs asserted causes of action for fraud, negligent misrepresentation, breach of fiduciary duty and negligence.

On October 30, 2001, Defendants removed the case to the United States District Court for the Southern District of Mississippi on the basis that Plaintiff Gerond Allen Sanders ("Sanders") was allegedly involved in bankruptcy proceedings. In response, Plaintiffs filed the instant motions to remand and for voluntarily dismissal of the bankrupt Plaintiff.

## II. Analysis

### A. Motion of Plaintiff Sanders for Voluntary Dismissal

■ Plaintiffs seek voluntary dismissal of Sanders' claims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, which provides in pertinent part: "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." *See* Motion. Generally, "[t]he basic purpose of Rule

41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976). However, the "right to voluntary dismissal without prejudice is not absolute. Rather, dismissal on Motion under Rule 41(a)(2) is within the sound discretion of the court...." *Id.* (citing *Diamond v. United States,* 267 F.2d 23 (5th Cir.1959)).

■ When considering whether to grant a motion to voluntarily dismiss a complaint under Rule 41(a)(2), "the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion." *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir.2002). Plaintiffs seek voluntary dismissal of Sanders on ground that he lacks standing to continue this action. *See* Motion. Plaintiffs argue that Sanders' claims against Defendants are vested in the bankruptcy estate and that the bankruptcy trustee is the real party in interest and therefore the only party with standing to continue this action. *See id.* Plaintiffs urge the Court to dismiss Sanders without prejudice so that the trustee can determine whether his claims should be prosecuted. *See id.* Defendants do not dispute Sanders' contention that he lacks standing, but argue, *inter alia,* that Sanders not only lacks standing to bring this action, but also lacks standing to seek voluntary dismissal. *See* Response.

■ The Court notes that the cases upon which both Plaintiffs and Defendants rely involved Chapter 7 debtors, who without question lose their standing to pursue prepetition causes of action upon filing petitions for bankruptcy. *See Wieburg v. GTE Southwest Inc.,* 272 F.3d 302, 306 (5th Cir.2001); *In re MortgageAmerica*

*Corp.*, 714 F.2d 1266 (5th Cir.1983); *In re Raymond Const. Co. of Florida, Inc.*, 6 B.R. 793 (Bankr.M.D.Fla.1980). The rule is different for Chapter 13 debtors, however. A Chapter 13 debtor does *not* lose his right to sue upon filing his petition for bankruptcy.[1] *See Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515–16 (2d Cir.1998); *In re James*, 210 B.R. 276, 278 (Bankr.S.D.Miss.1997) (holding that a Chapter 13 debtor may sue and be sued and controls whether and on what terms to settle his lawsuit). Rather, a Chapter 13 debtor "retains possession of and may use all the property of his estate, including his prepetition causes of action." *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1209 n. 2 (3d Cir.1991). *See also* 11 U.S.C. § 1303 (providing that "subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of the trustee under [the] sections 363(b), 363(d), 363(e), 363(f), and 363(*l*) [sections dealing with use, sale and lease of property of the debtor's estate] of this title"). The Court therefore finds that Sanders has standing to pursue the instant cause of action. Accordingly, the Court finds that

the Motion of Plaintiffs for Voluntary Dismissal on ground that Sanders lacks standing to continue this action is not well taken and should be denied.

The Court additionally finds that the Motion of Plaintiffs for Voluntary Dismissal is not well taken and should be denied on ground of abuse. Sanders filed his petition for Chapter 13 bankruptcy under Title 11 of the United States Bankruptcy Code on March 23, 2001, more than seven months after filing the instant cause of action against Defendants. However, Sanders did not disclose his pending cause of action against Defendants, as he was duty-bound.[2] Sanders, in fact, affirmatively stated under penalty of perjury that he had not been a party to any suit or administrative proceedings within one year immediately preceding the filing of his bankruptcy case. *See* Motion for Summary Judgment, Exhibit "B–1," Statement of Financial Affairs, Question "4." These facts, taken together with the instant Motions for Voluntary Dismissal, Severance, and Remand, lead the Court to conclude that Sanders seeks dismissal to (1) avoid litigating his cause of action until such time as

---

1. While section 323 provides that "a trustee in a case under this title is the representative of the estate" and "has capacity to sue and be sued," 11 U.S.C. § 323(a) & (b), "[t]he reality of a filing under Chapter 13 is that the debtor[ is] the *true* representative[ ] of the estate...." *In re Freeman*, 72 B.R. 850, 854 (Bankr.E.D.Va.1987) (citing *In re Ciavarella*, 28 B.R. 823, 827 (Bankr.S.D.N.Y.1983)) (citing *In re Cook*, 26 B.R. 187 (Bankr.D.N.M. 1982)) (emphasis added). Thus, as a practical matter, a Chapter 13 debtor and trustee share concurrent standing to sue. *See In re Griner*, 240 B.R. 432, 437 (Bankr.S.D.Ala.1999) (finding that, read together, 11 U.S.C. §§ 323 and 1303 create concurrent standing); *Donato v. Metropolitan Life Ins. Co.*, 230 B.R. 418, 425 (N.D.Cal.1999) (holding that Chapter 13 debtor and trustee have concurrent standing to litigate prepetition causes of action).

2. One who seeks the benefits of bankruptcy law has certain duties, such as scheduling, for the benefit of creditors, all his interests and property rights. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir.1988) (citing *In re Hannan*, 127 F.2d 894 (7th Cir.1942)). Section 521 of the Bankruptcy Code requires a debtor to "file a schedule of assets and liabilities ... and a statement of the debtor's financial affairs...." 11 U.S.C. § 521(1). Additionally, 11 U.S.C. § 1125(b) requires that a debtor file a disclosure statement containing "adequate information," which is defined at subsection 1125(a) as "information of a kind, an in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor ... that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan...."

he is no longer required to pay his creditors their due if he is awarded or receives any payment from Defendants, and (2) increase his co-Plaintiffs' chances of success in their Motion to Remand. This kind of manipulation is nothing if not abuse. Therefore, without ruling on whether "unconditional dismissal will cause the nonmovant to suffer plain legal prejudice," the Court finds that, under the circumstances of this case, Sanders abuses the Federal Rules of Civil Procedure and this Court with the instant Motion for Voluntary Dismissal. *See Elbaor*, 279 F.3d at 317. Accordingly, the Court finds that the Motion of Sanders for Voluntary Dismissal is not well taken and should be denied.

## B. Motion of Plaintiffs to Remand

### 1. Must All Defendants Join in a Notice of Removal Under 28 U.S.C. § 1452?

■ Plaintiffs argue that the Notice of Removal filed by Defendants is "fatally defective" because all Defendants did not properly join in the Notice of Removal. *See* Motion. Notwithstanding the fact that all Defendants did, in fact, join in the Notice of Removal, the Court finds Plaintiffs' argument regarding the Rule of Unanimity to be without merit. While it is true that, under the rule of unanimity, all properly served defendants must join in a petition by which a case is removed to federal court pursuant to 28 U.S.C. § 1441, *see e.g. Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir.1992), the case *sub judice*, was removed under 28 U.S.C. § 1452. Section 1452 provides, in pertinent part, that "[a] party may remove a claim or cause of action to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Therefore, by its plain language, section 28 U.S.C. § 1452 differs from 28 U.S.C. § 1441(a) in that the for-

mer permits "a party" to remove a lawsuit to federal court while the latter permits removal by the "defendant or defendants" in the case. Accordingly, the Court finds that all of the Defendants to this action were not required to join in the notice of removal filed by Defendant American Security Insurance Company under 28 U.S.C. § 1452. *See Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir.1985) (holding that in bankruptcy-related matters, any one party may remove the state court action without the consent of the other parties). *See also Daleske v. Fairfield Cmtys., Inc.*, 17 F.3d 321, 323 (10th Cir.1994); *Sommers v. Abshire*, 186 B.R. 407, 408 (S.D.Tex.1995) (finding that "section 1452 of the bankruptcy removal statute permits an individual defendant in a multi-defendant case to remove an action from state court without the joinder or consent of the other defendants when the lawsuit contains matters related to a bankruptcy case."). The Court therefore finds that the Motion to Remand on ground that all Defendants did not join in the Notice of Removal is not well taken and should be denied.

### 2. Did Defendants Timely Remove This Action?

Plaintiffs argue that the Defendants were untimely in filing their Notice of Removal, and that, based on this alleged procedural defect, the instant cause of action should be remanded to state court. Pursuant to 28 U.S.C. § 1446(b), a defendant must give notice of removal of a civil action within thirty days of receiving "through service or otherwise a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or, if the case is not removable at the outset, it may be removed within thirty days of receiving "through service or otherwise, a copy of an amended plead-

ing, motion, order, or other paper from which it may be ascertained that the case is one which is or has become removable. . . ." The Court finds that, as the case *sub judice* was not removable at the outset, Defendants were required to file their Notice of Removal within thirty days of receiving "other paper" from which it could be ascertained that the case had become removable.

Defendants have produced evidence in the form of an affidavit in which Stephanie K. Bates ("Bates"), a paralegal employed by Defendants, avers that she "periodically runs [internet] searches for bankruptcy information." *See* Response, Exhibit "A." Bates further avers that, after receiving files containing Plaintiffs' loan documents, she reviewed the files, retrieved Plaintiffs' social security numbers from the loan documents, and on October 3, 2001, performed an internet search using Plaintiffs' social security numbers. *See id.* Defendants contend that their first notice that Plaintiff Sanders had filed bankruptcy came from the internet search conducted by Bates on October 3, 2001. *See* Memorandum of Defendants in Opposition to Remand.

Plaintiffs argue that, as Sanders filed his petition for bankruptcy on March 26, 2001, the Notice of Removal filed by Defendants was untimely "because Sanders' bankruptcy was first ascertainable by [Defendants] long before" October 30, 2001, the date on which it was filed. *See* Memorandum of Plaintiffs. Thus, Plaintiffs argue that Defendants were not as diligent as they should have been in discovering that Sanders had filed bankruptcy, *i.e.*, Defendants should have run an internet search on some unspecified, but earlier date. *See id.* The Court notes that Plaintiffs do not cite to authority for their proposition that a defendant must "exercise . . . ordinary diligence" in determining that a case is removable. *See id.*

Nor has the Court been able to find support for Plaintiffs' argument that section 1446 requires defendants to exercise ordinary diligence in ferreting out grounds for removal. Rather, a defendant must remove within thirty days from the date on which he *"receives* actual notice that the case has become removable, which may be communicated in a formal or informal manner." 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure, §§ 3732, at 520 (emphasis added). *See also Bosky v. Kroger Tex., LP,* 288 F.3d 208 (5th Cir.2002) (holding, "other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)"). The Court therefore finds that the only diligence that is required of a defendant with regard to removal is that he file his notice within the thirty day period prescribed by the second paragraph of subsection 1446(b).

Whether this case was timely removed depends on (1) what constituted "other paper" in this case, and (2) when the "other paper" was received by Defendants. "Other paper" is paper from which a defendant may ascertain "that the case is one which . . . has become removable. . . ." 28 U.S.C. § 1446(b). Black's Law Dictionary defines "ascertain" as, "To fix. To render certain or definite." BLACK'S LAW DICTIONARY 114 (6th ed.1990). The United States Court of Appeals for the Fifth Circuit has set forth the following two prong test for determining whether a paper is "other paper": "other paper" must (1) "result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction," and (2) "not be plainly a sham." *Addo v. Globe Life & Acc. Ins. Co.,* 230 F.3d 759, 762 (5th Cir.2000).

█ It is not entirely clear to the Court what Plaintiffs believe constituted "other paper" or when Plaintiffs believe it was received by Defendants. If, however, Plaintiffs believe, as they seem to imply from footnote 2 of their Reply Brief, that the files containing Plaintiffs' loan documents constituted "other paper," the Court must disagree. Assuming *arguendo* that Defendants received the subject files as the result of a voluntary act of Plaintiffs (an assumption that the Court cannot make based on the record), Plaintiffs have not shown that the subject files contained any information which gave Defendants notice that Plaintiff Sanders' had filed bankruptcy, much less information rendering certain or definite that Sanders had filed bankruptcy. The Court therefore finds that the subject files were not "other paper" as contemplated by section 1446(b).

█ Based on Defendants argument that they first received notice of Sanders' bankruptcy as a result of an internet search conducted on October 3, 2001, the Court presumes that Defendants believe the internet search was "other paper" from which they first ascertained that the case had become removable pursuant to section 1446(b). *See* Memorandum of Defendants in Opposition to Remand. While the Court has not found any case in which a court has considered whether an internet search is "other paper" as contemplated by 28 U.S.C. 1446(b), it is not beyond the realm of possibility that, in this digital age, an internet search could be "other paper." "Other paper is [after all] a broad term and includes any relevant information received by Defendants." *Chavez v. Kincaid*, 15 F.Supp.2d 1118, 1123 (D.C.N.M.1998) (citing *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996)). Moreover, "other paper" as contemplated by § 1446(b) "is not restricted solely to papers filed in [a] case." *Sunburst Bank v. Summit Acceptance Corp.*, 878 F.Supp. 77, 81 (S.D.Miss.1995). Nor must "other paper" be paper. *See, e.g., Trotter v. Steadman Motors, Inc.*, 47 F.Supp.2d 791, 793 (S.D.Miss.1999) (holding that deposition testimony may constitute "other paper"). In the case *sub judice*, the information regarding Sanders' bankruptcy was posted to an internet website accessible to Defendants as a result of Sanders' voluntary act of filing bankruptcy. Defendants conducted an internet search on October 3, 2001, which revealed the information regarding Sanders' bankruptcy. Thus, by Sanders' voluntary act of filing bankruptcy, Defendants first received notice that circumstances had changed and would support federal jurisdiction.[3] The Court therefore finds that, in this case and based on these facts, the internet search conducted by Defendants on October 3, 2001, was "other paper" that started the thirty day removal clock running pursuant to the second paragraph of 28 U.S.C. § 1446(b). The Court further finds that, as Defendants filed their Notice of Removal on October 30, 2001, removal was timely. Accordingly, the Court finds that the Motion of Plaintiffs to Remand on ground that the case was untimely removed is not well taken and should be denied.[4]

---

**3.** Plaintiffs do not argue, nor does the Court find, that the internet search was a sham.

**4.** To find otherwise would encourage hijinx on the part of plaintiffs who could surreptitiously start the removal clock running by merely producing documents containing information which, if acted upon by defendants, could lead to information from which defendants could ascertain the case was removable. Section 1446(b) does not require this kind of proactivity, or allow plaintiffs this degree of control over removal. As previously stated, a defendant need only act upon receipt of paper which gives him actual notice that circum-

### 3. Does the Court have Subject Matter Jurisdiction Over the Case?

 It is a well established principal of removal jurisdiction that grounds for removal are determined at the time of removal. *Walker v. FDIC,* 970 F.2d 114, 120 (5th Cir.1992). Once a case has been removed from state court, the removing party bears the burden of proving that the court has jurisdiction to hear the claim. *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). Defendants removed this case pursuant to 28 U.S.C. §§ 1331, 1334, 1441 and 1452.[5] Defendants argue that, because Plaintiff Sanders filed a petition for bankruptcy under Title 11 of the United States Bankruptcy Code, the Plaintiffs' claims relate to that proceeding. *See* Memorandum of Defendants in Opposition to Remand. Defendants urge the Court to find that it has original subject matter jurisdiction under 28 U.S.C. § 1334(b). *See id.*

 Under 28 U.S.C. § 1452(a), any claim may be removed to federal court based on its relationship to a bankruptcy action provided the court has jurisdiction under 28 U.S.C. § 1334. Under section 1334(b) a federal court has original, but not exclusive jurisdiction over "civil proceedings arising under Title 11 or arising in or related to a case under title 11." 28 U.S.C.A. § 1334(b). A district court may, therefore, exercise subject matter jurisdiction over a removed cause of action if it is (1) a "case under title 11," (2) a proceeding "arising under" title 11, (3) a proceeding "arising in" a case under title 11, or (4) a proceeding "related to" a case under title

11. "For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings 'arising under,' 'arising in a case under,' or 'related to a case under' title 11." *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987). "To determine whether a district court has jurisdiction under 28 U.S.C. § 1334, 'it is only necessary to determine whether a matter is at least "related to" the bankruptcy.'" *Allen v. City Fin. Co.,* 224 B.R. 347, 351 (S.D.Miss.1998) (quoting *Wood,* 825 F.2d at 93).

 A proceeding is "related to" a bankruptcy case "if it could have been commenced in federal or state court independently of the bankruptcy case, and the outcome of that proceeding could possibly have an impact on the estate being administered in bankruptcy." *Id.* (citing *Wood,* 825 F.2d at 93). The Fifth Circuit has held that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling of the bankruptcy estate." *In re Majestic Energy Corp.,* 835 F.2d 87, 90 (5th Cir.1988).

 Sanders' reorganization plan was confirmed by the United States Bankruptcy Court for the Northern District of Mississippi on June 11, 2001. The Court has found no evidence that Sanders apprised his bankruptcy trustee or the Bankruptcy Court of his cause of action against Defendants and therefore questions whether Sanders' plan would have been confirmed

stances have changed and the case has become removable.

**5.** Defendants "do[] not contest the Plaintiffs' motion to remand insofar as it pertains to the Defendants' assertion of the Truth–in–Lending Act ... as a ground for removal." *See*

Memorandum of Defendants in Opposition to Remand. Therefore, the Court considers only the assertion of Defendants that this Court has jurisdiction over Plaintiffs' claims based on the bankruptcy of Sanders.

had he not concealed his cause of action from the Bankruptcy Court. However, should Sanders win a judgment against, settle with, or otherwise receive any payment from Defendants on his claims against them, Sanders' bankruptcy case can, and probably will, be reopened pursuant to 11 U.S.C. § 350(b) so that the Bankruptcy Court can reexamine Sanders' disposable income and determine whether his plan should be modified. *See In re James,* 210 B.R. at 278. The Court therefore finds that the Sanders' state court action was "related to" his bankruptcy estate in that any judgment rendered in favor of Plaintiffs in state court would necessarily increase the assets of Sanders' bankruptcy estate. Accordingly, the Court finds that it has subject matter jurisdiction over this case under 28 U.S.C. § 1334(b).

**4. Should the Court Abstain from Exercising Its Jurisdiction?**

 Without ruling on whether this is a "core proceeding" under 28 U.S.C. § 157(b)(2), and for the reasons that follow, the Court finds that this case should be remanded to state court pursuant to 28 U.S.C. § 1452(b), which provides, "The court to which [a bankruptcy] claim is removed may remand such claim ... *on any equitable ground.*" [6] *See also Allen v. City Finance Co.,* 224 B.R. 347, 352 (S.D.Miss.1998) (citing 28 U.S.C. § 1452(b)

(emphasis added)). Courts, when deciding whether to remand a case under § 1452(b), often take into account whether abstention would also be possible. *O'Rourke v. Cairns,* 129 B.R. 87, 90 (E.D.La.1991). For purposes of analysis, the Court will consider the principles of discretionary abstention in determining whether the case should be remanded on equitable grounds. A Court may abstain from hearing a case under Title 11 where abstention is in the interest of justice, comity with state courts, or respect for state laws. *See* 28 U.S.C. § 1334(c)(1). The Court, when determining whether to exercise discretionary abstention, considers 14 factors:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends abstention;

(2) extent to which state law issue predominate over bankruptcy issues;

(3) difficulty or unsettled nature of the applicable law;

(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

---

**6.** Defendants submitted this Court's decision in *Dixon v. First Family Financial Services,* 276 B.R. 173, 2002 WL 463987 (S.D.Miss. 2002) as guidance, presumably, because in *Dixon,* as in the case *sub judice,* the bankrupt plaintiffs concealed their causes of action from the Bankruptcy Court. While its true that the plaintiffs in both *Dixon* and the case sub judice sought the similar relief of voluntary dismissal of the bankrupt plaintiffs and abstention, the cases are distinguishable. In *Dixon,* two of the three bankrupt plaintiffs filed their petitions for bankruptcy under Chapter 7. Concealment of their causes of action amounted to hiding assets from the

bankruptcy trustee to which they had relinquished all rights upon filing their petitions. Based on the conduct of the Chapter 7 plaintiffs in *Dixon,* the Court found abstention was not proper. However, Sanders, in the case *sub judice,* filed for reorganization under Chapter 13. He, unlike the Chapter 7 plaintiffs in *Dixon,* retained the use of his property, which included the instant action. While less than commendable, Sanders' conduct does not teeter on the edge of fraud as did the conduct of the Chapter 7 plaintiffs in *Dixon.* For this reason, the Court considers whether the case should be remanded on equitable grounds.

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Searcy v. Knostman,* 155 B.R. 699, 710 (S.D.Miss.1993) (citing *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1167 (9th Cir. 1990); *Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Co.,* 130 B.R. 405, 407–08 (S.D.N.Y.1991); and *Western Helicopters, Inc. v. Hiller Aviation, Inc.,* 97 B.R. 1, 2 (E.D.Cal.1988)).

Applying these factors to Plaintiffs' claims, the Court finds that the factors of discretionary abstention favor remand. State law issues predominate over bankruptcy issues in this case and the questions of state law are neither difficult nor unsettled. The Mississippi state courts are certainly capable of hearing and resolving Plaintiffs' claims. Also, this matter is only "related to" the bankruptcy case in the Bankruptcy Court of the Northern District of Mississippi and jurisdiction would not exist in this Court but for the Plaintiff who filed bankruptcy. No independent basis for federal jurisdiction exists in this case. Moreover, only one of twenty-one Plaintiffs in the instant action has filed bankruptcy, and remanding the case will not effect the efficient administration of Sanders' bankruptcy estate. The bankruptcy trustee has equal access in either this Court or state court to any judgment, award, or settlement Sanders receives from Defendants. For all these reasons, the Court finds that remand would be equitable in this case.

### III. Conclusion

IT IS THEREFORE ORDERED that the Motion of Plaintiff Sanders for Voluntary Dismissal [5–1] is hereby denied.

IT IS FURTHER ORDERED that Plaintiff Sanders notify his Chapter 13 Bankruptcy Trustee Terre Vardaman by May 1, 2002, of the pendency of this action, its venue, and his status as a party thereto.

IT IS FURTHER ORDERED that the Motion of Plaintiffs for Severance of Sanders' claims [5–1] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiffs to Remand [4–1] is hereby granted. This action shall be remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi, with each party bearing its own costs.