In re STATEWIDE POOLS, INC., Debtor.

Larry E. STAATS, Trustee, Plaintiff,

v.

ADOLFSON & PETERSON, INC. et al., Defendants.

Bankruptcy No. 2–86–04302.
Adv. No. 2–89–0324.

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 30, 1991.

Larry E. Staats, Columbus, Ohio, trustee.

James H. Tilberry, Cleveland, Ohio, for plaintiff.

David M. Whittaker, Luper, Wolinetz, Sheriff & Neidenthal, Columbus, Ohio, for defendant Schaferoth Const. Co.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio.

## ORDER AMENDING AND RESTATING "OPINION AND ORDER DETERMINING NON–CORE STATUS; REPORT AND RECOMMENDATION ON REQUEST OF DEFENDANT SCHAFEROTH CONSTRUCTION COMPANY FOR ABSTENTION; DENIAL OF DISMISSAL AND/OR SUMMARY JUDGMENT"

BARBARA J. SELLERS, Bankruptcy Judge.

In light of the provisions of Section 309 of The Federal Courts Study Committee Implementation Act of 1990, Public Law 101–650, signed by the President on December 1, 1990 and effective as of that date, the "Opinion and Order Determining Non–Core Status; Report and Recommendation on Request of Defendant Schaferoth Construction Company for Abstention; Denial of Dismissal and/or Summary Judgment" entered by the Court on January 3, 1991 is hereby amended and restated as follows:

## I. PRELIMINARY CONSIDERATIONS AND JURISDICTIONAL STATEMENT

This matter is before the Court upon the pre-answer motion (the "Motion") of defendant Schaferoth Construction Company ("Schaferoth") requesting that this Court abstain from hearing this adversary proceeding or, alternatively, requesting the Court to dismiss the adversary proceeding or grant summary judgment against plaintiff, Larry E. Staats, Trustee (the "Trustee"). The Trustee opposes the Motion.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. In Part IV(A) of this opinion and order, the Court determines that this is a non-core proceeding which is related to the debtor's Chapter 7 case. In Part IV(B) of this opinion and order, the Court denies Schaferoth's request that this Court abstain from exercising the jurisdiction it possesses in this proceeding. In Part IV(C), the Court denies Schaferoth's alternative requests

for dismissal of the adversary proceeding or summary judgment against the Trustee.

## II. FACTS

The facts relevant to the resolution of the issues raised by the Motion are as follows.

On October 28, 1986, an order for relief was entered under Chapter 7 of the Bankruptcy Code in the case of Statewide Pools, Inc. On September 11, 1989, Larry E. Staats, the duly-appointed trustee in the Chapter 7 case, through special counsel, instituted this adversary proceeding seeking recovery of monies allegedly owed the debtor by the various defendants for materials and services provided prepetition. As to Schaferoth, the complaint prays for judgment in the amount of $25,974.72. Schaferoth has not yet filed an answer, but has filed a proof of claim in the amount of $21,000, plus interest and costs.

In its Motion, Schaferoth alleges that the adversary proceeding is non-core. Schaferoth further alleges that this proceeding is a simple state law contract action, the resolution of which, as it pertains to Schaferoth, is governed by Colorado substantive law.

The Trustee, on the other hand, argues that the action is a core proceeding. Further, the Trustee argues that Ohio substantive law governs resolution of the proceeding.

The parties dispute the governing law for one simple reason: if, as Schaferoth contends, Colorado law applies, the Trustee's action is apparently time barred by the running of the applicable three-year statute of limitations for contract actions. *Colo. Rev.Stat.* § 13–80–101(1)(a). If, as the Trustee contends, Ohio's fifteen-year statute of limitations for contract actions applies, the action was timely filed. *See,* Ohio Revised Code § 2305.06.

## III. ISSUES

The issues to be addressed by the Court are three-fold:

1. Is this action a core or non-core proceeding?

2. Should the Court abstain from hearing the action under 28 U.S.C. § 1334(c)(1)?

3. Should the Court dismiss this adversary proceeding or grant summary judgment in favor of Schaferoth and against the Trustee?

## IV. LEGAL DISCUSSION

### A. *Core/Non–Core Determination*

Neither Schaferoth nor the Trustee has explicitly moved the Court to determine whether this proceeding is core or non-core within the meaning of 28 U.S.C. § 157. However, the parties have devoted significant portions of their pleadings to the issue. Since classification of the proceeding is pertinent to Schaferoth's request for abstention, the Court will first make this determination. 28 U.S.C. § 157(b)(3).

Numerous courts and commentators have fully reviewed the historical background, as well as the legal importance, of the core/non-core dichotomy in the wake of the Supreme Court's ruling in *Northern Pipeline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and the subsequent enactment by Congress of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAF-JA"). *See, e.g., United Sec. & Communications, Inc. v. Rite Aid Corp. (In re United Sec. & Communications, Inc.),* 93 B.R. 945 (Bankr.S.D.Ohio 1988); *Commercial Heat Treating of Dayton, Inc. v. Atlas Indus. (Matter of Commercial Heat Treating of Dayton, Inc.),* 80 B.R. 880 (Bankr.S.D.Ohio 1987); Countryman, *The Bankruptcy Judges: Jurisdiction by Neglect,* 92 Com.L.J. 1 1987; King, *Jurisdiction and Procedure Under the Bankruptcy Amendments of 1984,* 38 Vand.L.Rev. 675 (1985); Taggart, *The New Bankruptcy Court System,* 59 Am.Bankr.L.J. 231 (1985).

In *Sonnyco Coal, Inc. v. Bartley (In re Sonnyco Coal, Inc.),* 89 B.R. 658 (Bankr.S.D.Ohio 1988), *rev'd in part,* No. C2–88–417 (S.D. Ohio June 28, 1990), this Court undertook to explain the nature and consequences of the dichotomy as follows:

The Bankruptcy Amendments and Federal Judgeship Act of 1984 restructured the grant of bankruptcy jurisdiction and made the bankruptcy court a unit of the district court. 28 U.S.C. § 151. Under the current statute, absent consent of the parties, only district judges, after review of proposed findings of fact and conclusions of law recommended by bankruptcy judges, may enter final orders in proceedings merely related to cases under title 11 ("non-core proceedings"). 28 . U.S.C. § 157(c). Bankruptcy judges, however, retain power to hear and determine all cases under Title 11 and to enter final orders in proceedings arising in a case under Title 11 or arising under Title 11 ("core proceedings"). Those procedures are codified at 28 U.S.C. §§ 151–158.

The initial determination whether a proceeding is core or non-core clearly by statute is the responsibility of the bankruptcy judge. 28 U.S.C. § 157(b)(3). Because a finding that a proceeding is non-core is not appealable immediately as a final order, this Court finds that the resolution of that issue is constitutionally within its power as a judicial officer of a unit of the district court.

The determination whether a proceeding is core or non-core, however, involves more than a choice between two options. If a proceeding is determined to be core, that conclusion ends the analysis and the bankruptcy judge not only may hear the matter, but also may enter whatever final orders are required. If it is determined that a proceeding is not a core proceeding, however, further determination must be made as to whether the proceeding is sufficiently related to the bankruptcy case to come within the bankruptcy subject matter jurisdiction of the district court. If the proceeding is not so related, although the district court might

have an independent basis for jurisdiction, the bankruptcy court would have no subject matter jurisdiction over the proceeding as its jurisdiction by reference extends at its most remote nexus only to proceedings which are related to a bankruptcy case. 28 U.S.C. § 157(a). If the proceeding is not core, but is related to a bankruptcy case and, therefore is properly a non-core proceeding, the bankruptcy court has subject matter jurisdiction by reference and may hear the action, but absent consent of the parties, must submit proposed findings of fact and conclusions of law to a district judge for entry after *de novo* review of those matters objected to by the parties. 28 U.S.C. § 157(c)(1).

89 B.R. at 663.

In lieu of defining "core" proceeding, Congress chose to provide only a non-exclusive list of proceedings which are core. *See,* 28 U.S.C. § 157(b)(2). Because of such limited congressional guidance, and perhaps due to the constitutional considerations inherent in these determinations, the courts have found the core/non-core dichotomy to be a slippery concept.

In contending that his action to collect a prepetition account receivable is core, the Trustee relies on *Baldwin–United Corp. v. Thompson (Matter of Baldwin–United Corp.),* 48 B.R. 49 (Bankr.S.D.Ohio 1985). In *Baldwin–United,* Judge Newsome held that such an action falls within the meaning of 28 U.S.C. § 157(b)(2)(E) (orders to turn over property of the estate) and 28 U.S.C. § 157(b)(2)(O) (other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims). Upon its own review, the Court has found additional cases which hold that actions to collect accounts receivable or similar actions are "core." [1] These

---

1. *Craig v. McCarty Ranch Trust (In re Cassidy Land and Cattle Co.,* 836 F.2d 1130 (8th Cir. 1988); *United States Aviex Co. v. Aviex Int'l (In re United States Aviex Co.),* 96 B.R. 874 (N.D. Ind.1989); *Miller v. BTS Transport Services (In re Total Transp.),* 87 B.R. 568 (D.Minn.1988); *Allegheny, Inc. v. Laniado Wholesale Co. (In re*

*Allegheny, Inc.),* 68 B.R. 183 (Bankr.W.D.Pa. 1986); *In re Windsor Communications Group,* 67 B.R. 692 (Bankr.E.D.Pa.1986); *Mansker v. Campbell (In re Mansker),* 60 B.R. 803 (Bankr.D. Mass.1986); *Franklin Computer Corp. v. Apple Computer (In re Franklin Computer Corp.),* 60 B.R. 795 (Bankr.E.D.Pa.1986); *National Equip.*

cases, in various combinations, find support for their decisions in the language of the catchall provisions of 28 U.S.C. § 157(b)(2)(A) (matters concerning administration of the estate) and 28 U.S.C. § 157(b)(2)(O) and/or the provisions of 28 U.S.C. § 157(b)(2)(E) regarding turnover proceedings.

In contrast to the above cases, a majority of courts have more recently held that accounts receivable or similar actions are not core proceedings, but merely proceedings related to a case brought under the Bankruptcy Code.[2] Of these holdings, this Court finds most persuasive the analysis of those courts which have avoided the temptation of looking merely to the catchall language of 28 U.S.C. § 157(b)(2)(A) and (O) and have instead interpreted such language in light of constitutional requirements and the mandates of *Marathon.* Those cases correctly recognize that if the term "core proceeding" and particularly the language of 28 U.S.C. § 157(b)(2)(A) and (O) is so broadly interpreted as to include all actions to collect accounts and

all other similar contract-type actions, *Marathon* itself would be elevated to a core proceeding and BAFJA would be as violative of the Constitution as its statutory predecessor.

◼ Thus, while argument can be made that this proceeding falls within the broad catchall provisions of 28 U.S.C. § 157(b)(2), the Court finds that in a Chapter 7 case an action to collect a prepetition account receivable of the debtor is not a matter "which is at the core of the federal bankruptcy power." *Marathon,* 458 U.S. at 71, 102 S.Ct. at 2871.[3] The cause of action asserted in the Trustee's complaint is predicated on state law only and invokes no substantive right created by federal bankruptcy law. Simply put, the proceeding does not arise under the Bankruptcy Code or arise in the Chapter 7 bankruptcy case.

◼ This Court is also persuaded to follow the *United Sec. & Communications* and *Acolyte* courts in holding that this proceeding to collect prepetition accounts

*& Mold Corp. v. Apollo Tire Co. (In re National Equip. & Mold Corp.),* 60 B.R. 133 (Bankr.N.D. Ohio 1986); *Ellwood City Iron & Wire Co. v. Flakt, Inc. (In re Ellwood City Iron & Wire Co.),* 59 B.R. 53 (Bankr.W.D.Pa.1986); *Willis v. Ryan (In re Bucyrus Grain Co.),* 56 B.R. 204 (Bankr.D. Kan.1986); *Alloy Metal Wire Works, Inc. v. Associated Screw and Mfg. (In re Alloy Metal Wire Works, Inc.),* 52 B.R. 39 (Bankr.E.D.Pa.1985); *L.A. Clarke & Son, Inc. v. Bullock Constr. (In re L.A. Clarke & Son, Inc.),* 51 B.R. 31 (Bankr.D.C. 1985); *Fisher v. Ins. Co. of the State of Pennsylvania (In re Pied Piper Casuals, Inc.),* 50 B.R. 549 (Bankr.S.D.N.Y.1985); *Allard v. Benjamin (In re DeLorean Motor Co.),* 49 B.R. 900 (Bankr.E.D. Mich.1985).

**2.** *Arnold Print Works v. Apkin (In re Arnold Print Works),* 815 F.2d 165 (1st Cir.1987); *Wood v. Wood (Matter of Wood),* 825 F.2d 90 (5th Cir.1987); *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties),* 781 F.2d 159 (9th Cir.1986); *M.S.V., Inc. v. Bank of Boston, Western Massachusetts, N.A. (In re M.S.V., Inc.),* 97 B.R. 721 (D.Mass.1989); *Eastern Elec. Sales Co. v. General Elec. Co.,* 94 B.R. 348 (E.D.Pa.1989); *Rushton v. Traub (In re Nell),* 71 B.R. 305 (D.Utah 1987); *First Florida Bldg. Corp. v. Employers Ins. of Wausau (In re Shafer & Miller Indus.),* 66 B.R. 578 (S.D.Fla.1986); *Mohawk Indus. v. Robinson Indus.,* 46 B.R. 464 (D.Mass. 1985); *St. George Island, Ltd. v. Pelham,* 104 B.R. 429 (Bankr.N.D.Fla.1989); *Shelly's, Inc. v.*

*Food Concepts of Wisconsin, Inc. (In re Shelly's, Inc.),* 97 B.R. 370 (Bankr.S.D.Ohio 1989); *Associated Grocers of Colorado, Inc. v. Tempora Corp. (In re Associated Grocers of Colorado, Inc.),* 97 B.R. 39 (Bankr.D.Colo.1988); *THB Corp. v. Essex Builders Co. (In re THB Corp.),* 94 B.R. 797 (Bankr.D.Mass.1988); *United Sec. & Communications, Inc. v. Rite Aid Corp. (In re United Sec. & Communications, Inc.),* 93 B.R. 945 (Bankr.S.D.Ohio 1988); *Stewart v. Strasburger (In re Astrocade, Inc.),* 79 B.R. 983 (Bankr.S. D.Ohio 1987); *Sywilok v. Estee Lauder, Inc. (In re Epi–Scan, Inc.),* 71 B.R. 975 (Bankr.D.N.J. 1987); *Gstalder v. Seward (In re P & P Oilfield Equipment, Inc.),* 71 B.R. 621 (Bankr.D.Colo. 1987); *Acolyte Elec. Corp. v. City of New York,* 69 B.R. 155 (Bankr.E.D.N.Y.1986); *Taxel v. Veri–Fone, Inc. (In re American Mfg. Technologies, Inc.),* 60 B.R. 645 (Bankr.S.D.Cal.1986); *Century Brass Products, Inc. v. Millard Metals Service Center, Inc. (Matter of Century Brass Products, Inc.),* 58 B.R. 838 (Bankr.D.Conn. 1986); *Satelco, Inc. v. North American Publishers, Inc. (In re Satelco, Inc.),* 58 B.R. 781 (Bankr. N.D.Tex.1986); *Craig v. Air Brake Controls, Inc. (In re Crabtree),* 55 B.R. 130 (Bankr.E.D.Tenn. 1985).

**3.** The Trustee makes no assertion in its pleadings as to whether the filing of a proof of claim by Schaferoth elevates this proceeding to core status under the provisions of 28 U.S.C. § 157(b)(2)(C). Accordingly, the Court does not decide such issue in reaching its determination.

receivable does not constitute a core turn-over proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E). The Supreme Court, in *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), clearly held that prepetition accounts receivable become estate property upon the commencement of the bankruptcy case. *See, also,* 11 U.S.C. § 541(a). Section 542(b) of the Bankruptcy Code further provides:

> Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

In rejecting the contention that an accounts receivable action is a core turnover proceeding under 11 U.S.C. § 542(b) and 28 U.S.C. § 157(b)(2)(E), the *Acolyte* court succinctly stated:

> A turnover proceeding can only be considered a core proceeding under § 542(b) when its purpose is the collection rather than the creation, recognition, or liquidation of a matured debt. . . .
>
> When a bona fide dispute exists as to liability involving state law, then the proceeding cannot be core under § 157(b)(3)(E).

68 B.R. at 172. Here, as in *United Sec. & Communications* and *Acolyte,* there is a bona fide dispute as to the defendant's liability. Schaferoth alleges, among other things, that the debtor was unable to complete its part of the work as agreed and that, in any event, the Trustee's action is time barred. Accordingly, because there exists a legitimate dispute as to Schaferoth's liability, and further because the resolution of such dispute is governed by state law only, this proceeding is not a core turnover proceeding under 28 U.S.C. § 157(b)(2)(E).

In holding that the Trustee's action is not core, the Court's analysis is limited to the circumstances and nature of this proceed-ing. The Court expresses no opinion as to whether such a proceeding, if brought in a pending reorganization case, would be core.

The Court's determination that this proceeding is not core brings to the fore the issue of whether this proceeding is sufficiently "related to" the Chapter 7 bankruptcy case so as to permit this Court to exercise by reference the subject matter jurisdiction granted to the district court. 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a). "Related to" proceedings are those proceedings that can "conceivably have an effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins (In re Pacor, Inc.),* 743 F.2d 984, 994 (3d Cir. 1984); *accord, Kelly v. Nodine (In re Salem Mortgage Co.),* 783 F.2d 626 (6th Cir. 1986); *Sonnyco,* 89 B.R. at 664. The Chapter 7 estate would be directly benefited by any recovery made by the Trustee in this proceeding and, accordingly, a sufficient nexus exists between this proceeding and the bankruptcy case to confer subject matter jurisdiction upon the district court and upon this Court by reference.

### B. *Discretionary Abstention*

■ Having decided that this is a non-core adversary proceeding related to the Chapter 7 bankruptcy case, the Court must consider Schaferoth's request that this Court abstain from hearing the proceeding in its discretion pursuant to 28 U.S.C. § 1334(c)(1). Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 [11 USCS §§ 101 et seq.] or arising in or related to a case under title 11 [11 USCS §§ 101 et seq.].

In *Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc. (In re Republic Reader's Serv., Inc.),* 81 B.R. 422, 429 (Bankr.S.D.Tex.1987), Judge Mahoney enumerated various factors that are pertinent to a discretionary abstention determination.

Those factors are as follows:[4]

1. the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;

2. the extent to which state law issues predominate over bankruptcy issues;

3. the difficulty or unsettled nature of the applicable state law;

4. the presence of a related proceeding commenced in state court or other nonbankruptcy court;

5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. the substance rather than form of an asserted "core" proceeding;

8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. the burden of my docket;

10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. the existence of a right to a jury trial; and

12. the presence in the proceeding of nondebtor parties.

While the Court would not necessarily look to all of these factors in the context of every abstention determination, the list provides a useful starting point for the Court's permissive abstention analysis.

In this proceeding, more than one of the above-listed factors are pertinent. After weighing such factors, the Court concludes that, on balance, abstention is inappropriate.

Initially, the Court reiterates that the disposition of this proceeding will likely turn upon the resolution of issues which are predominately, if not wholly, state law in nature. "The mere presence of state law issues, however, does not generally warrant abstention." *Harley Hotels, Inc. v. Rain's Int'l, Ltd.,* 57 B.R. 773, 781 (M.D. Pa.1985). Bankruptcy courts will normally abstain only where adjudication of the proceeding will involve such courts in the resolution of unsettled state law questions or state law matters of "substantial public import." *United Sec. & Communications* at 960 (citations omitted). Here, the Court will be called upon to apply state law contract and choice of law principles that are well developed. Thus, although state law issues predominate, abstention is not compelled.

Additionally, the Court is not convinced that abstention in this instance will result in greater efficiency in the administration of the debtor's estate. Some courts in recommending abstention have correctly noted that delay is inherent in the resolution of non-core proceedings by bankruptcy courts because such courts must transmit proposed findings of fact and conclusions of law to the district court for *de novo* review. *Shelly's, Inc.* at 372; *In re Terracor,* 86 B.R. 671, 680 (D.Utah 1988). However, in this proceeding, the Court has been presented with abstention requests by at least three defendants. Were the Court to abstain as to each of these defendants, the Trustee would be forced to pursue multiple simultaneous state court actions, perhaps in more than one state. Under these limited circumstances, the Court believes that the efficiency of the administration process will be best promoted by nonabstention. *See, Harley Hotels* at 783.

A final factor weighing in favor of this Court's determination not to abstain is Schaferoth's lack of a right to trial by jury in the bankruptcy court. By filing its proof of claim, Schaferoth brought itself within the equitable jurisdiction of the Court and lost any entitlement it may have had to a jury trial. *Langenkamp v. Culp,* — U.S. —, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). Therefore, the normal concerns that accompany jury trial resolution of non-

---

**4.** *See, also, Shelly's Inc. v. Food Concepts of Wisconsin, Inc. (In re Shelly's, Inc.),* 97 B.R. at 372; *United Sec. & Communications* at 960–61.

core proceedings in a bankruptcy court do not obtain as to Schaferoth.

In view of the foregoing, the Court concludes that abstention is inappropriate. The Court's conclusion is entered as a binding order pursuant to 28 U.S.C. § 1334(c)(2), as amended December 1, 1990 by The Federal Courts Study Committee Implementation Act of 1990, Public Law 101–650, which now authorizes bankruptcy judges to enter binding orders in abstention matters.

### C. *Dismissal and Summary Judgment*

In light of its decision to not abstain, this Court must consider Schaferoth's alternative motions for dismissal of the adversary proceeding and summary judgment against the Trustee.

#### 1. Dismissal

Schaferoth's motion does not specifically identify the federal rule of civil procedure under which it seeks dismissal of the adversary proceeding. However, given the nature of Schaferoth's supporting arguments, it is apparent Schaferoth seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), as made applicable to this proceeding by Bankruptcy Rule 7012.

■ The Court, in considering Schaferoth's motion to dismiss under Fed.R.Civ.P. 12(b)(6), must construe the Trustee's complaint in a light most favorable to the Trustee and must accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Roth Steel Prod. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983). In determining the sufficiency of a complaint that has been challenged by a motion to dismiss, the Court must proceed under the general principle that a complaint may not be dismissed for failure to state a claim unless it appears beyond a doubt that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King and Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Davis H. Elliot*

*Co. v. Caribbean Util. Co.,* 513 F.2d 1176, 1182 (6th Cir.1975); *Morgan v. Church's Fried Chicken,* 829 F.2d 10 (6th Cir.1987).

■ In applying the above-stated principles, the Court concludes that dismissal of the Trustee's complaint as to Schaferoth is inappropriate. Schaferoth urges that application of the Colorado statute of limitations bars the Trustee's action, thereby justifying dismissal. However, if, as the Trustee contends, the applicable statute of limitations is that of Ohio, then the action was timely brought. Thus, it appears that the Trustee may be able to prove facts in support of his claim which would entitle him to relief. This being so, the Court denies Schaferoth's motion to dismiss.

#### 2. Summary Judgment

■ Schaferoth has moved alternatively for summary judgment against the Trustee pursuant to Fed.R.Civ.P. 56, as made applicable to this adversary proceeding by Bankruptcy Rule 7056. Rule 56 provides that judgment shall be granted on a motion for summary judgment only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See, Lenz v. Erdmann Corp.,* 773 F.2d 62, 63 (6th Cir. 1985). The purpose for permitting disposition of certain actions on the basis of summary judgment is to eliminate the need for an evidentiary trial if it is clear from documents and affidavits before the Court that the only issues for decision are the legal effects of uncontested facts.

Having filed a motion for summary judgment, the movant always bears the initial responsibility of informing the trial court of the basis for its motion, and identifying those portions of the documents on file and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "For these purposes, the [evidence submitted] must be viewed in

the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970) (footnote omitted); *accord, Adams v. Union Carbide Corp.*, 737 F.2d 1453, 1455–56 (6th Cir.1984). Moreover, any inferences to be drawn from the underlying facts contained in such documents and affidavits must be viewed in a manner most favorable to the party opposing summary judgment. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Assoc.*, 630 F.2d 1155, 1158 (6th Cir.1980). "Unexplained gaps" in materials relied upon by the movant, if pertinent to material issues of fact, warrant denial of a summary judgment motion. *Adickes*, 398 U.S. at 157–60, 90 S.Ct. at 1608–10.

■ In this case, Schaferoth has failed to meet its burden. In support of its contention that summary judgment is proper upon application of Colorado's statute of limitations, Schaferoth submitted only the following pertinent facts by way of an affidavit attached to its motion:

> No substantive negotiations took place between Statewide Pools and Schaferoth Construction regarding the project. All contact between Statewide Pools and Schaferoth Construction was through the mail, and on no occasion did anyone from Schaferoth Construction travel to Ohio to meet with any personnel of Statewide Pools.

From these cursory statements, it is impossible for the Court to conclude that Schaferoth is entitled to judgment as a matter of law. The Court simply cannot make a choice of law ruling without more detailed facts regarding the place of contracting, the place of negotiations leading to the execution of the contract, the place of performance, and the location of the subject matter of the contract. Viewing the limited evidence before the Court in a light most favorable to the Trustee, it is entirely possible that the applicable statute of limitations is that of Ohio. Accordingly, the Court denies Schaferoth's motion for summary judgment.

## V. CONCLUSION

Based upon the foregoing, the Court finds that this adversary proceeding is not a core proceeding, but is a proceeding related to this Chapter 7 bankruptcy case. The Court also denies Schaferoth's request that the Court abstain from exercising the referred subject matter jurisdiction it possesses in this proceeding. Lastly, the Court hereby denies Schaferoth's alternative motions for dismissal and summary judgment.

IT IS SO ORDERED.