**Itesca L. McDANIEL, Plaintiff–Appellant,**

v.

**ABN AMRO MORTGAGE GROUP, Defendant–Appellee.**

No. C–3–06–161.
Bankruptcy No. 04–41069.
Adversary No. 05–3093.

United States District Court, S.D. Ohio, Western Division at Dayton.

March 8, 2007.

---

Charles J. Roedersheimer, Thompson & Devany LLP, Lester Ray Thompson, II, Hawk Thompson & Deveny Co., Dayton, OH, for Plaintiff–Appellant.

Cynthia Margot Roselle, Lerner Sampson & Rothfuss Co., Cincinnati, OH, Timothy G. Pepper, Michele Ann Murphy, Faruki Ireland & Cox PLL, Dayton, OH, for Defendant–Appellee.

## ENTRY AND ORDER REMANDING MATTER TO BANKRUPTCY COURT FOR ADJUDICATION ON THE MERITS

ROSE, District Judge.

This is an appeal of an Order of Abstention (the "Order") entered by Bankruptcy Judge Lawrence S. Walter in an adversary proceeding in the United States Bankruptcy Court for the Southern District of Ohio, Western Division at Dayton.[1] The adversary proceeding was brought by Debtor Itesca L. McDaniel in her Chapter 13 bankruptcy proceeding. It was brought against ABN AMRO Mortgage Group ("ABN AMRO") who has filed a proof of claim in McDaniel's Chapter 13 bankruptcy proceeding. The adversary proceeding was also brought against Oaktree Mortgage Group, Inc. ("Oaktree"), Robert L. Zelina ("Zelina") and Kenneth S. Davis ("Davis").

Zelina and Davis have submitted no response to the adversary complaints and default judgment motions are pending.

McDaniel has advised the Bankruptcy Court that she will voluntarily dismiss her claims against Oaktree because she has confirmed that Oaktree has dissolved and no assets are available. Therefore, the only disputed adversary claim is McDaniel's Home Ownership Equity Protection Act ("HOEPA")[2] claim against ABN Amro brought pursuant to 15 U.S.C. § 1639. McDaniel's HOEPA claim against ABN AMRO demands damages and alleges rescission of a mortgage loan to her from ABN AMRO and Interfirst Mortgage based upon alleged errors in calculations and disclosures at the loan closing.

McDaniel's Chapter 13 Plan was approved without objection by the Bankruptcy Court on March 15, 2005. Plan Modification Motions filed on July 13 and July 18 were also approved by the Bankruptcy Court. The Plan Modifications authorize the Trustee to make monthly mortgage payments to ABN AMRO.

ABN AMRO filed a motion to dismiss the adversary proceeding against it which was granted by the Bankruptcy Court. The motion to dismiss resulted in confusion as to which counsel was representing ABN AMRO and issues regarding whether appropriate notice of the motion to dismiss was provided to McDaniel. The decision granting the motion to dismiss was subsequently vacated. The motion to dismiss, therefore, is currently fully briefed by McDaniel and ABN AMRO and ripe for decision.

The Bankruptcy Court then raised the issues of jurisdiction and abstention sua sponte. Following briefing by the parties, the Bankruptcy Court entered the Order dismissing the adversary proceeding based upon permissive abstention pursuant to 28

---

**1.** A similar decision by Judge Waldron is currently on appeal to Judge Rice in *Yates v. JP Morgan Chase Bank NA,* Case No. 3:05–CV–301.

**2.** HOEPA is an amendment to the Truth In Lending Act ("TILA").

U.S.C. § 1334(c)(1). McDaniel then appealed the abstention Order to this Court.

The analysis begins with a discussion of the subject matter jurisdiction of this Court and of the Bankruptcy Court. Further, whether a bankruptcy court has jurisdiction and how that jurisdiction is exercised are two different matters.

## EXISTENCE OF BANKRUPTCY COURT'S JURISDICTION

Subject matter jurisdiction over bankruptcy matters is conferred on district courts by 28 U.S.C. § 1334. *In re Elder–Beerman Stores,* Case Nos. 95–33643, C–3–96–378, C–3–97–299, 97–3189, 1997 WL 1774875 at *1 (S.D.Ohio Aug.1,1997). Section 1334 establishes four categories of cases which are within the jurisdiction of the district court. *In re Nationwide Roofing & Sheet Metal, Inc.,* 130 B.R. 768, 772 (Bankr.S.D.Ohio 1991). The four categories are in two groups that distinguish between "cases" and "proceedings."

First, section 1334 provides that district courts have **original and exclusive** jurisdiction of all "cases under" Title 11.[3] *Elder–Beerman,* 1997 WL 1774875 at *1. Section 1334 also provides that district courts have **original but not exclusive jurisdiction** over three additional categories of cases. *Id.* The three additional categories are all civil "proceedings arising under" Title 11, all civil "proceedings arising in" a case under Title 11 and all civil "proceedings related to" cases under Title 11. *Id.; see also Nationwide,* 130 B.R. at 772–73.

"The first category, cases under Title 11, describes the underlying bankruptcy case upon which all subsequent proceedings rest." *Nationwide,* 130 B.R. at 773. A case in this category is commenced by the filing of a petition for bankruptcy. *In re Adelphia Communications Corp.,* 307 B.R. 404, 412 n. 22 (Bankr.S.D.N.Y.2004).

The second category, civil "proceedings arising under" Title 11, includes federal question claims where relief is sought based upon a right created by Title 11. *Adelphia,* 307 B.R. at 413. Examples of "proceedings arising under" Title 11 include causes of action to recover fraudulent conveyances and avoidance actions. *In re United Security & Communications, Inc.,* 93 B.R. 945, 951 (Bankr.S.D.Ohio 1988). Many "arising under proceedings" litigated in bankruptcy cases also fall into the "proceedings arising in" category. *Adelphia* at 413–14.

The third category is civil "proceedings arising in" a case under Title 11. "Proceedings arising in" a case under Title 11 are proceedings "that are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy." *Nationwide,* 130 B.R. at 773 (citing *Wood v. Wood (Matter of Wood),* 825 F.2d 90, 97 (5th Cir.1987)). Examples of "proceedings arising in" a case under Title 11 include administrative matters; counterclaims by the estate against persons filing claims against the estate; orders to turn over property of the estate and determinations of the validity, extent or priority of liens. *United Security,* 93 B.R. at 951.

The fourth category, civil "proceedings related to" cases under Title 11, are proceedings from which the outcome could conceivably have an effect on the estate being administered in bankruptcy. *Nationwide,* 130 B.R. at 773. A "related to proceeding" could have been commenced in federal or state court independently of the bankruptcy case. *Beasley v. Personal*

---

**3.** Title 11 includes bankruptcy Chapters 7, 9, 11, 12, and 13. *In re Hart,* 326 B.R. 901, 2005 WL 1529581 at *3 (6th Cir. BAP 2005). McDaniel has filed a Chapter 13 action.

*Finance Corp.,* 279 B.R. 523, 532 (S.D.Miss.2002). An example of "proceedings related to" case under Title 11 is a state law cause of action brought by a debtor against an insurance company for fraud. *Id.* at 523.

Having set forth the relevant law regarding jurisdiction of district courts, the analysis turns to reference of cases by district courts to bankruptcy courts. Reference to bankruptcy courts of bankruptcy matters is governed by 28 U.S.C. § 157(a). *Elder–Beerman,* 1997 WL 1774875 at * 1. Section 157(a) provides that a district court may provide that any or all cases in any of the four categories under Title 11 shall be referred to the bankruptcy judges for the district. *Id.* This district has provided for such reference.

In this case, the district court has jurisdiction over McDaniel's Chapter 13 case as a "case under" Title 11. Further, there is no dispute that McDaniel's adversary claims are at least civil "proceeding related to" her bankruptcy case. The claims against ABN AMRO, Oaktree, Zelina and Davis have a substantial bearing on McDaniel's debts and could, therefore, conceivably have an effect on her bankruptcy estate. As a result, the district court has jurisdiction over McDaniel's bankruptcy claim and over her adversary claim.

As provided by this district, McDaniel's claims have been referred to the Bankruptcy Court for the Southern District of Ohio, Western Division at Dayton. Therefore, the Bankruptcy Court has jurisdiction over McDaniel's bankruptcy claim and over her adversary claims. The analysis next turns to how a bankruptcy court exercises this jurisdiction.

## EXERCISE OF BANKRUPTCY COURT'S JURISDICTION

Section 157 sets forth the provisions which govern the manner in which a bankruptcy court exercises its jurisdiction. *Nationwide,* 130 B.R. at 774. Bankruptcy judges have the power to hear and determine all "cases under" Title 11 and to enter final orders in "proceedings arising in" a case under Title 11 or "proceedings arising under" Title 11.[4] *In re Statewide Pools, Inc.,* 126 B.R. 877, 880 (Bankr. S.D.Ohio 1991).

Absent consent by the parties, a bankruptcy judge enters findings of fact and conclusions of law regarding "proceedings related to" cases under Title 11. *Id.* Absent consent by the parties, only district judges may enter final orders in "proceedings related to" Title 11. *Id.*

In this case, the record does not indicate whether the Bankruptcy Court has determined whether McDaniel's adversary claim is a "proceeding arising under," a "proceeding arising in" or a "proceeding related to" a Title 11 claim. However, both parties have consented to a determination of McDaniel's adversary claim by the Bankruptcy Court. Further, the Bankruptcy Court agrees because it entered a final order and not findings of fact and conclusions of law. Therefore, the Bankruptcy court has the power to enter final orders regarding the adversary claim and has done so. The analysis next turns to this Court's jurisdiction to adjudicate the appeal of the Bankruptcy Court's Order.

## DISTRICT COURT'S JURISDICTION TO HEAR THE APPEAL

A district court has jurisdiction to hear appeals from a bankruptcy court's final

---

4. Proceedings arising under and arising in Title 11 are termed "core proceedings". *Statewide,* 126 B.R. at 880. Proceedings related to cases under Title 11 are termed "non-core proceedings." *Id.* Finally, the initial determination whether a proceeding is core or non-core is the responsibility of the bankruptcy judge. *Id.*

judgments, orders and decrees. 28 U.S.C. § 158(a)(1). Further, the appeal may be taken to the district court for the judicial district in which the bankruptcy judge is setting. 28 U.S.C. § 158(a)(3).

In this case, the Bankruptcy Court entered a final order and both McDaniel and ABN AMRO have consented to have the appeal of the Order heard by this Court. Therefore, this Court has jurisdiction to hear McDaniel's appeal of the Order. The analysis next turns to the abstention doctrine.

## ABSTENTION

The Order provides that the Bankruptcy Court is voluntarily abstaining from hearing McDaniel's adversary proceeding. Because this adversary proceeding falls into one of the "arising under," "arising in" or "related to" categories of proceedings, it is subject to the abstention provisions in 28 U.S.C. § 1334(c). *In re Middlesex Power Equipment & Marine, Inc.*, 292 F.3d 61, 67 (1st Cir.2002). Section 1334(c)(1) provides for permissive abstention and section 1334(c)(2) provides for mandatory abstention.

### Mandatory Abstention

■ Mandatory abstention requires a bankruptcy court to abstain from determining a proceeding based upon a State law cause of action where the proceeding is "related to" a case under Title 11 if such proceeding is commenced in and can be timely adjudicated in a State forum of appropriate jurisdiction. 28 U.S.C. § 1334(c)(2). For mandatory abstention to apply, there must be a timely motion by a party to the proceeding, and the proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding. *In re Dow*

*Corning Corp.*, 113 F.3d 565, (6th Cir.1997)(citing *In re Dow Corning*, 86 F.3d 482, 497 (6th Cir.1996), *cert. denied*, 519 U.S. 1071, 117 S.Ct. 178, 136 L.Ed.2d 636 (1997)). In this case, the Bankruptcy Court has not made a core, non-core determination. However, the mandatory abstention provision does not apply because no proceeding has been commenced in a State forum and the proceeding does not lack a federal jurisdictional basis.

### Permissive Abstention

■ A court may permissively abstain from hearing a case under Title 11 where abstention is in the interest of justice or in the interest of comity with state courts or respect for state laws. *Statewide*, 126 B.R. at 882; *Beasley*, 279 B.R. at 533. Permissive abstention permits a bankruptcy court to abstain from hearing a particular proceeding "arising under," "arising in" or "related to" a case under Title 11. 28 U.S.C. § 1334(c)(1). McDaniel's adversary proceeding fits into one of the category of proceedings described in section 1334(c)(1) and this is the abstention provision upon which the Order is based.

■ "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Nationwide*, 130 B.R. at 778. The doctrine of abstention is an "extraordinary and narrow" exception to the duty of a district court, and thus a bankruptcy court, to adjudicate a controversy that is properly before it. *Id.* Abdication of the obligation to decide cases can be justified under the permissive abstention doctrine only in the "exceptional circumstances where the order to the parties to repair to the State Court would clearly serve an important countervailing interest." *In the Matter of Tremaine*, 188 B.R. 380, 384 (Bankr.S.D.Ohio 1995).

■ Courts consider the following factors when determining whether to abstain under section 1334(c)(1):

1. the effect or lack of effect on the efficient administration of the estate if a court abstains;

2. the extent to which state law issues predominate over bankruptcy issues;

3. the difficulty or unsettled nature of the applicable state law;

4. the presence of a related proceeding commenced in state court or other non-bankruptcy court;

5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. the substance rather than form of an asserted core proceeding;

8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. the burden of this court's docket;

10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. the existence of a right to a jury trial

12. the presence in the proceeding of non-debtor parties; and

13. any unusual or other significant factors.

*Nationwide,* 130 B.R. at 779–80; *Statewide,* 126 B.R. at 883; *Tremaine,* 188 B.R. at 385; *In the Matter of Chicago, Milwaukee, St. Paul & Pacific Railroad,* 6 F.3d 1184, 1189 (7th Cir.1993); *Beasley,* 279 B.R. at 533–34.

The relevance and importance of each of these factors will vary with the particular circumstances of each case and no one factor is necessarily determinative. *In the Matter of Chicago, Milwaukee, St. Paul & Pacific Railroad,* 6 F.3d at 1189. However, because section 1334(c)(1) is concerned with comity and respect for state law, whether a case involves unsettled issues of state law is always significant. *Id.*

■ The decision whether to abstain is within the sound discretion of the bankruptcy judge. *Tremaine,* 188 B.R. at 384. The standard of review of the Bankruptcy Court's decision to permissively abstain under 28 U.S.C. § 1334(c)(1) is abuse of discretion. *Hart,* 2005 WL 1529581 at *1; *Middlesex,* 292 F.3d at 69; *In the Matter of Chicago, Milwaukee, St. Paul & Pacific Railroad Co.,* 6 F.3d at 1188. An abuse of discretion occurs when the reviewing court is left with the "definite and firm conviction that the [bankruptcy] court ... committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" or "where it improperly applies the law or uses an erroneous legal standard." *United States v. Haywood,* 280 F.3d 715, 720 (6th Cir.2002) (quoting *Huey v. Stine,* 230 F.3d 226, 228 (6th Cir.2000)).

## ANALYSIS

Having set forth the law regarding jurisdiction and abstention, the analysis turns to McDaniel's appeal of the Bankruptcy Court's decision to permissively abstain. The Order setting forth the Bankruptcy Court's decision will first be summarized followed by the arguments presented by McDaniel and ABN AMRO and a discussion of the issues.

### The Order

The Bankruptcy Court raised the issue of permissive abstention sua sponte. Both McDaniel and ABN AMRO were given the

opportunity to brief the issue and did so. The Bankruptcy Court reviewed these briefs. The Bankruptcy Court also reviewed the transcripts of oral decisions and orders issued by Judge Thomas F. Waldron, Chief Judge of the Bankruptcy Court, pertaining to the issue of abstention in similar predatory lending adversary proceedings. The Bankruptcy Court then explained its decision to permissively abstain in a hearing held via telephone on March 23, 2006. The telephone hearing was followed by entry of an Order of Abstention on March 24, 2006. The Bankruptcy Court's reasoning is found in the minutes of the March 23rd hearing.

Before discussing each factor, the Order indicates that:

An important factor precipitating this Court's sua sponte consideration of abstention is the desirability of maintaining some consistency among the judges of this district with respect to hearing matters that are not fundamentally grounded in bankruptcy law. Judge Waldron has consistently abstained from hearing predatory lending cases and his rulings have emphasized, among other things, that while the Bankruptcy Court has the authority to hear such cases, the Court should abstain from hearing them so as to devote its limited resources primarily to bankruptcy issues.

This is a particularly important issue in the Southern District of Ohio which is one of the busiest bankruptcy courts in the nation currently facing the largest case load in its history and struggling, along with all other bankruptcy courts, with a massive and confusing new statute.

The Bankruptcy Court then analyzed each of the factors in the context of McDaniel's adversary proceeding.

1. The Bankruptcy Court weighed the factor regarding efficient administration of the estate in favor of abstention so that the Court could devote its efforts to the pure bankruptcy issues rather than those that are merely tangential to bankruptcy.

2. The Bankruptcy Court regarded the extent to which state law issues predominate to be in transition finding that non-bankruptcy issues are still predominate and that all claims against ABN AMRO are federal non-bankruptcy claims. However, "there are still pending some state law claims on fraud, unconscionability and violation of the State Mortgage Broker Act … which may or may not remain in this case, and there remain one or two other individuals who may or may not have been served in this case."

3. The Bankruptcy Court reasoned that the State law applicable to the state law claims is "complex and unsettled" and should be handled by other courts more familiar with the complex issues raised.

4. Regarding the fourth factor, there is no state-court action pending. The Bankruptcy Court determined that this factor does not support abstention and "made this decision altogether more difficult."

5. The Bankruptcy Court found that having some effect on a bankruptcy proceeding does not make McDaniel's appeal a "core" proceeding. Further, "the substantive merits of these claims is based solely on non-bankruptcy federal statutes."

6. The Bankruptcy Court reasoned that it is speculative, at best, to think that keeping the adversary proceeding in bankruptcy court would somehow benefit unsecured creditors. Further, there is no guarantee that keeping the adversary proceeding in bankruptcy court will increase the amount paid to unsecured creditors since there is no guarantee that McDaniel would not dismiss her Chapter 13 case at any time.

7. Regarding substance rather than form, it is unclear, according to the Order, as to whether the claim against ABN AMRO is core or non-core. However, the adversary claims against the other parties are "clearly not core matters."

8. The Bankruptcy Court disagreed with McDaniel's argument that severing the state claims would be difficult and would force the debtor to adjudicate the matter in two forums thus creating additional expenditures and less for creditors. The reason that the Bankruptcy Court disagreed was that the entire adversary proceeding could be severed and transferred to either a state or federal court.

9. The Bankruptcy Court determined that the factor regarding burden on the Bankruptcy Court's docket is "perhaps really the most important one of all in this Court's consideration." It reasoned that,

The Bankruptcy Court for this District, as I mentioned earlier, is heavily burdened and really should devote its time to primarily bankruptcy rather than non bankruptcy issues. In addition to the exceptionally high volume of cases in this court right now, it should also be noted that even before the recent surge in filings precipitated by the enactment of the new act, this District qualified for at least one additional judge but congress failed to include any new judges for the Southern District of Ohio in that legislation and we are on the verge of losing two of our recall judges, neither of whom will be replaced. So the combination of historically high docket load together with losing judges creates a situation where it is very difficult to find on the Court's calendar more than a day or two for a trial and it's causing increased delays in doing this Court's fundamental business. Lengthy trials are almost impossible without dramatically impacting the fundamental core business

of the court. Under these circumstances, this particular ... factor carries exceptional weight.

10. Regarding the tenth factor, the Bankruptcy Court found that no one has suggested that there has been forum shopping.

11. On this factor, the Bankruptcy Court found that no one has requested a jury trial. This factor is, therefore, "not germane."

12. Regarding the presence of non-debtor parties, the Bankruptcy Court recognized the issue of who is in the case and who is not depends upon who is dismissed later or where the default judgments are. Further, McDaniel is the only debtor party, there is one defendant, ABM AMRO who has filed a proof of claim and none of the other defendants are creditors. Finally, the Bankruptcy Court's ability to exercise jurisdiction over the non-creditor defendants is at least questionable.

13. The only comment made by the Bankruptcy Court regarding unusual or other significant factors is that all active parties have submitted to the jurisdiction of the Bankruptcy Court. However, the preferences of the parties are "simply outweighed by the other factors...."

The Bankruptcy Court summarized its decision to permissibly abstain by saying, "although there are certainly some aspects of this case that weigh in favor of retention of jurisdiction by this court, on the whole I am persuaded that abstention in this case is not only appropriate but necessary." Having set forth the reasoning of the Bankruptcy Court, the analysis turns to the arguments presented by McDaniel and ABN AMRO.

### McDaniel's Arguments

In sum, McDaniel argues that the only reasonable interpretation of the Opinion is that the Bankruptcy Court permissibly ab-

stained because of case load and burden and the fact that her claims involve predatory lending and that these criteria are not sufficient to support permissive abstention. Further, the decision to abstain fails to afford a debtor due process before a bankruptcy court regarding her rights under the bankruptcy code.

McDaniel argues that she is simply requesting this Court to allow her to exercise her right to pursue adversary claims directly related to her Chapter 13 estate and to allow her to comply with her confirmed Chapter 13 Plan to enforce core or related bankruptcy issues instead of being barred from pursuing those claims in bankruptcy court because they are predatory lending claims. Alternately, McDaniel asks this Court to withdraw and adjudicate her adversary proceeding.

In support of her arguments, McDaniel endorses the use of the thirteen factors but argues that the Bankruptcy Court failed to seriously consider or reasonably apply them. The Bankruptcy Court, therefore, according to McDaniel, has abused its discretion. McDaniel then presents argument regarding the thirteen factors.

First, McDaniel concedes that the factors regarding (9) the burden of the court's docket and (12) the presence of non-debtor parties favor abstention. She then argues that the Bankruptcy Court failed to consider or reasonably apply the remaining factors and the remaining factors either favor non-abstention or are at most equally weighted as to abstention. McDaniel next argues that, in addressing the six factors that supposedly favor abstention ((1)efficient bankruptcy administration, (2) state law issue predominance, (3) complex and unsettled state law, (4) relatedness to the main bankruptcy case, (10) forum shopping and (8) feasibility of severing the adversary proceeding from the bankruptcy case), the Bankruptcy Court "largely" failed to address why abstention is favored except to simply state that it is.

Specifically with regard to the factors, McDaniel argues that (1) the efficient bankruptcy administration factor favors non-abstention because the Bankruptcy–Court–approved Chapter 13 Plan allows her to meet plan payments and defend against creditors and keeping the adversary proceeding would maintain accountability for the Chapter 13 Plan under one court administration. As for (2) the predomination of state-law issues, McDaniel indicates that the Bankruptcy Court acknowledges that the causes of action are a "mixed bag" indicating that this is a non-factor.

McDaniel then argues that (3) unsettled or difficult state law is not applicable because her TILA claim against ABN AMRO is a federal cause of action and the other adversary claims are ripe for decision on unopposed motions for summary judgment. She also argues that a number of bankruptcy courts have considered the TILA cause of action.

McDaniel next takes issue with the Bankruptcy Court's reference to the allegation that a Debtor could dismiss a Chapter 13 proceeding after settling with a mortgage lender creditor. McDaniel argues that this allegation is irrelevant and that the assessment of the degree-of-relatedness factor should not be based upon speculation.

McDaniel next argues that the Bankruptcy Court's determination, as part of its analysis of (8) the feasibility of severing state law claims, that the adversary claim could easily be transferred ignores the impact of cost and time imposed upon her and ABN AMRO in having to restart the proceeding in other forums. Said another way, the Opinion fails to consider the im-

pact of denying Chapter 13 Debtors and their creditors the opportunity to resolve core and core related claims in a judicially economic manner with effective use of debtor and creditor resources. McDaniel argues that this factor weighs in favor of non-abstention.

Finally, McDaniel argues that, with regard to (10) the forum-shopping factor, while the Bankruptcy Court suggests that it favors abstention, there is no evidence of such in this case. In sum, according to McDaniel, permissive abstention in this case cannot be considered an extraordinary or exceptional choice and abstention in this case denies her an effective forum to resolve claims against her mortgage lender creditors in a bankruptcy setting.

In addition to providing argument with regard to the factors, McDaniel's argues that the rule of law should be applied to require her claims to continue under the jurisdiction of the Bankruptcy Court. The Bankruptcy Court has confirmed her Chapter 13 Plan which includes the authorization to proceed against these adversaries. The adversary claims were then filed in accordance with the Plan. From this, McDaniel concludes that the Bankruptcy Court has established its own rule of law for the adversary claims to proceed in bankruptcy court. Having set forth McDaniel's arguments, the analysis turns to ABN AMRO's arguments.

*ABN AMRO's Arguments*

ABN AMRO provides a statement of the case, reiterates applicable jurisdictional law, and concludes that the Bankruptcy Court did not err in exercising permissive abstention. No detail is provided regarding the factors. Finally, ABN AMRO did not object to the jurisdiction of the Bankruptcy Court and does not object to the jurisdiction of the district court over the federal claims if the Bankruptcy Court does not have jurisdiction. The analysis next turns to the pros and cons of the Bankruptcy Court's permissive abstention.

*Discussion–General*

It would appear that, while the Dayton Bankruptcy Court has jurisdiction to do so, it elects to not hear what it calls "predatory lending"[5] claims. Yet, it would appear that the Dayton Bankruptcy Court has in the past and probably continues to hear other claims that are not directly bankruptcy claims. Also, other bankruptcy courts hear TILA claims. *See e.g. In re Boganski,* 322 B.R. 422 (9th Cir.BAP2005)(Nevada Bankr.Ct. decides TILA action in adversary proceeding); *In re Polis,* 217 F.3d 899 (7th Cir.2000)(Illinois Bankr.Ct. decides TILA issue); *In re Wright,* 133 B.R. 704 (E.D.Pa.1991)(Pennsylvania Bankr.Ct. decides TILA action in adversary proceeding); *In re Miller,* 320 B.R. 203 (Bankr.N.D.Ala.2005)(Alabama Bankr.Ct. adjudicates debtor-mortgagor issue); *In re Mourer,* 313 B.R. 701 (Bankr.W.D.Mich.2004)(Michigan Bankr. Ct. decides TILA action in adversary claim); *In re Brown,* 311 B.R. 702 (Bankr.E.D.Pa.2004)(Pennsylvania Bankr. Ct. decides debtor-mortgagor issue in adversary proceeding); *In re Mintze,* 288 B.R. 95 (Bankr.E.D.Pa.2003)(Pennsylvania Bankr.Ct. adjudicates adversary proceeding very similar to McDaniel's), *rev'd on other grounds,* 434 F.3d 222 (3d Cir.2006); *In re Miller,* 215 B.R. 970 (Bankr.E.D.Ky.1997)(Kentucky Bankr.Ct. adjudicates TILA claim brought in adversary proceeding).

*Discussion–Factors*

1. Efficient administration of an estate—McDaniel's estate can be most efficiently administered if the adversary claims are adjudicated by the court in

---

**5.** TILA claims are a category of claims labeled by some as predatory lending claims.

which they were brought. This factor favors non-abstention.

2. Extent to which state law issues predominate—the State-law issues in McDaniel's adversary complaint can easily be addressed by two default judgments and the agreed dismissal of the remaining defendant. What remains is a federal claim. The federal claim will carry the State-law claims, if allowed to remain, into federal court anyway. This factor favors non-abstention.

3. Difficulty of applicable state-law—none, see above. This factor favors non-abstention.

4. Presence of related proceeding in state court—there are no related proceedings in state court. This factor favors non-abstention.

5. Jurisdictional basis, if any other than 28 U.S.C. § 1334—While the adversary claims may have a jurisdictional basis outside bankruptcy law, McDaniel's adversary counterclaim (TILA claim) against a creditor who has filed a proof of claim is a core proceeding under the bankruptcy statutes. *See Nationwide*, 130 B.R. at 776. This factor favors non-abstention.

6. Degree of relatedness or remoteness of the proceeding to main bankruptcy case—directly related, the only contested issue is against a creditor who has filed a proof of claim. Bankruptcy courts are to hear core proceedings as being essential to the administration of the estate. *Adelphia*, 307 B.R. at 420. The factor favors non-abstention.

7. Substance rather than form—the substance is an adversary complaint against a creditor who has filed a proof of claim. This factor favors non-abstention.

8. Feasability of severing state-law claims—can be done but not easily accomplished. If not addressed in the Bankruptcy Court, they will follow the federal claim to this Court and will most probably not be severed. This factor favors non-abstention.

9. Burden on the court's docket—any added proceeding is a burden to whichever court receives it. This appears to be the key and only substantial issue regarding the Bankruptcy Court's decision to permissively abstain.

10. Likelihood of forum shopping—none is indicated. This factor favors non-abstention.

11. Existence of right to jury trial—no party has asked for a jury trial. This factor favors non-abstention.

12. Presence of non-debtor parties—non-debtor parties are currently present but can easily be disposed of. This factor favors non-abstention.

13. Unusual or significant factors—As determined by the Bankruptcy Court, all active parties have submitted to the jurisdiction of the Bankruptcy Court. This factor favors non-abstention.

## CONCLUSION

▮ Abstaining from McDaniel's adversary claims could be a misapplication of the abstention doctrine. The abstention doctrine appears to apply to situations where state-law issues dominate or where claims have been filed in a state court. Neither of these situations exist here and a TILA action is not a state-law cause.

All but one of the factors considered favors non-abstention. The factor that favors non-abstention involves burden on a court's docket, a burden that is consistent with the responsibility of any court to adjudicate disputes that are properly before it.

Based upon the foregoing analysis, the Bankruptcy Court has erred in judgment in the conclusion it reached upon weighing

the relevant factors. Therefore, this matter is REMANDED to the Bankruptcy Court for adjudication on the merits.

**DONE and ORDERED.**