Jeff GOODRICH, Appellant,

Shelly Goodrich, Appellant,

v.

UNION PLANTERS MORTGAGE,
Appellee.

No. 04–56152.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2006.

Filed Aug. 7, 2006.

David R. Chase, Esq., Law Offices of David R. Chase, David R. Chase, Esq., Anaheim, CA, for Appellant.

John H. Kim, Edward T. Weber, Esq., Miles Bauer Bergstrom & Winters, LLP, Costa Mesa, CA, for Appellee.

Before: D.W. NELSON,
O'SCANNLAIN, Circuit Judges, and
JONES, District Judge.*

* The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

## MEMORANDUM **

Debtors Jeffrey and Shelly Goodrich ("Debtors") appeal the decision of the Bankruptcy Appellate Panel for the Ninth Circuit affirming the Bankruptcy Court for the Central District of California's judgment in favor of creditor Union Planters Mortgage ("Union Planters" or "Creditor"). The Debtors were the owners of real property in Mira Loma, California, and filed for Chapter 13 bankruptcy triggering an automatic stay of all actions and claims upon their property pursuant to 11 U.S.C. § 362(a). Unaware of the bankruptcy filing, and as the beneficiary of a deed of trust on the property, Union Planters foreclosed on the Debtors' home and recorded a trustee's deed of sale. Debtors' adversary proceeding sought damages under 11 U.S.C. § 362(k) for violation of the automatic stay.

11 U.S.C. § 362(a) establishes an affirmative duty for creditors to discontinue collection actions upon a debtor's filing of a bankruptcy application. 11 U.S.C. § 362(k) states that "an individual injured by any willful violation of a stay ... shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). To prevail under a section 362(k) claim, a defendant must prove: (1) a stay was violated, (2) the violation was willful, and (3) that the defendant was injured as a result of the violation. *Id.*

Upon learning of a bankruptcy proceeding, a creditor is required to immediately discontinue all post-petition collection actions in non-bankruptcy fora against the debtor. *Eskanos & Adler v. Leetien,* 309 F.3d 1210, 1213–1215 (9th Cir.2002).

Union Mortgage had a duty to promptly rescind the deed upon learning of Debtors' bankruptcy proceedings. Its failure to rescind the trustee's deed for two years after knowing of the stay was indeed a violation of the automatic stay. *See In re Briskey,* 258 B.R. 473, 478 (Bankr.M.D.Ala.2001). However, the violation is not actionable under 11 U.S.C. § 362(h) because it was not willful, and because Debtors suffered no damages.

Debtors' ability to recover under Section 362 is frustrated because the violation was not wilful. *Eskanos & Adler v. Roman (In re Roman),* 283 B.R. 1, 7 (9th Cir. BAP2002) ("An award for actual damages under [Section] 362[ (k) ] requires a showing by the debtor that [he] sustained an injury from a 'wilful' violation of the stay.") (citing *Fernandez v. GE Capital Mortgage Servs., Inc. (In re Fernandez),* 227 B.R. 174, 180 (9th Cir.BAP1998)); *See also Goichman v. Bloom (In re Bloom),* 875 F.2d 224 (9th Cir.1989); *Expeditors Int'l of Wash., Inc. v. Colortran, Inc. (In re Colortran, Inc.),* 210 B.R. 823 (9th Cir. BAP1997), *aff'd in part and vacated in part on other grounds,* 165 F.3d 35 (9th Cir.1998). Creditors did not know of the stay when they foreclosed on Debtors' estate, and upon learning of the stay, took action which suggests they understood the foreclosure to be void. *See In re Taylor,* 884 F.2d 478, 482 (9th Cir.1989); *see also Fleet Mortgage Group, Inc. v. Kaneb,* 196 F.3d 265, 269 (1st Cir.1999).

The actions taken by both parties following Creditor's learning of Debtors' bankruptcy proceedings demonstrate the foreclosure and sale were treated as void. Other than the technical violation of failing to formally rescind the trustee's deed, the Creditor acknowledged the jurisdiction of the Bankruptcy Court and abided by the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

automatic stay. Creditor placed the Debtors' loan back on its books, filed a proof of claim and subsequent motion for relief from stay in the Bankruptcy Court, entered into an adequate protection agreement with the Debtors, and accepted their voluntary mortgage payments under such agreement.

Debtors also fail to establish any injury as a result of Creditor's violation of the automatic stay. As noted above, upon learning of the bankruptcy proceedings, Creditor placed the Debtors' loan back on its books and entered into an adequate protection agreement with Debtors. Creditors never attempted to evict Debtors or exert any ownership interest in the property, and Debtors did not lose any refinancing or other opportunities.

The $24,000 that Debtors paid in adequate protection mortgage payments did not constitute damages. The Bankruptcy Court and Bankruptcy Appellate Panel appropriately and sufficiently considered the evidence with regard to Debtors' damages claim in the amount of $24,000. Debtors, upon making adequate protection payments, remained in possession of the property throughout the bankruptcy proceedings. Debtors never demanded recession be recorded, did not file a lawsuit during the duration of the bankruptcy proceeding, nor alleged in those proceedings how Creditor's violation in any way caused injury. It was not until the underlying bankruptcy proceedings were concluded and Debtors again failed to make mortgage payments that Creditor entered the final foreclosure. Furthermore, Debtors enjoyed use of their home during the duration of their ability to make payments.

■ Creditor claims that the issues of fraud and fraudulent conveyance were waived on appeal and thus cannot be properly brought before this Court. However, the issues were addressed by both the Bankruptcy Court and the Bankruptcy Appellate Panel. Therefore, Debtors' Fair Debt Collection Practices Act and fraudulent conveyance appeals are properly before this Court.

Federal Rules of Bankruptcy Procedure, Rule 7009 incorporates Rule 9 of the Federal Rule of Civil Procedure, and states, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Debtors' fraud claims fail to set forth facts that support their cause of action. *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985) ("Allegations of fraud [must be] specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.") The record does not support any allegation that Debtors were injured by Creditor's alleged violation of the automatic stay, nor does Debtors' claim identify any actual falsity, or sufficiently state how Debtors relied upon any alleged fraudulent representations to their detriment.

The Bankruptcy Court and Bankruptcy Appellate Panel were correct in finding that the Appellants have failed to set forth sufficient facts to support their cause of action for fraud. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989) (Failure to satisfy Rule 9(b)'s specificity requirement will result in dismissal.).

Debtors' contention that Creditor violated the Fair Debt Collection Practices Act, which prohibits "debt collector[s]" from making "false or misleading representations" and from engaging in various abusive and "unfair practices" also fails. 15 U.S.C. § 1692 et seq. As discussed above, Creditor did not know of the bankruptcy

proceeding at the time it foreclosed on Debtors' property. Furthermore, Debtors fail to prove that Creditor was not entitled to the adequate protection mortgage payments or that Creditor used "litigation as a collective device," as alleged.

Finally, the Bankruptcy Appellate Panel's decision to abstain from hearing Debtors' request for an accounting was appropriate, as the Bankruptcy Court's dismissal of Debtors' claim left no federal claims remaining.

AFFIRMED.