RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0219p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

IN RE: FRANKLIN D. HARRIS, JR.; GWENDOLYN G. HARRIS,

*Debtors.*

No. 19-4081

_____

FRANKLIN D. HARRIS, JR.; GWENDOLYN G. HARRIS,

*Plaintiffs-Appellants*,

*v.*

DANIEL COOLEY; KAYLAY COOLEY,

*Defendants-Appellees*.

Appeal from the United States District Court for the Southern District of Ohio at Cincinnati;
1:18-cv-00712—Timothy S. Black, District Judge.

United States Bankruptcy Court for the Southern District of Ohio at Cincinnati;
Nos. 1:15-bk-12647; 1:17-ap-01041—Jeffery P. Hopkins, Judge.

Decided and Filed: July 17, 2020

Before: COLE, Chief Judge; GUY and BUSH, Circuit Judges.

_____

**LITIGANTS**

**ON BRIEF:** Franklin D. Harris, Jr., Gwendolyn G. Harris, Portsmouth, Ohio, pro se.

———————————

**ORDER**

———————————

Franklin D. Harris, Jr., and Gwendolyn G. Harris appeal the district court judgment that affirmed the bankruptcy court's order dismissing their adversary proceeding. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

On July 7, 2015, the Harrises filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code. The bankruptcy court issued an automatic stay and a restraining order that enjoined creditors from commencing a suit against the Harrises or from interfering with the Harrises' property. After the bankruptcy court issued the stay, the Harrises' neighbors, Daniel and Kaylay Cooley, filed a lawsuit against them, seeking removal of a privacy fence that allegedly encroached upon the Cooleys' property. *See Cooley v. Harris*, No. 17CIH00071 (Scioto Cty. C.P. filed May 24, 2017).

While the state court case remained pending, the Harrises filed a complaint in the bankruptcy court for an adversary proceeding against the Cooleys. At its core, the Harrises' complaint alleged that the Cooleys (1) violated the bankruptcy court order by filing their complaint in state court and (2) "continue to pursue to take control, take possession of, and to destroy the Property of the Bankruptcy Estate"—namely, "privacy fences" and "privacy fence gates"—to which the Harrises are entitled pursuant to the doctrine of adverse possession. They sought monetary, injunctive, and declaratory relief.

The bankruptcy court dismissed the Harrises' adversary proceeding on abstention grounds, reasoning that it would be more appropriate for the state courts to adjudicate the Harrises' claims. *See* 28 U.S.C. § 1334(c)(1). The Harrises appealed to the district court. The district court adopted the magistrate judge's report and recommendation and affirmed the bankruptcy court's order. The Harrises now appeal the district court's judgment.

We review a bankruptcy court's decision directly. *Mediofactoring v. McDermott (In re Connolly N. Am., LLC)*, 802 F.3d 810, 814 (6th Cir. 2015). We review the bankruptcy court's

findings of fact for clear error, and its conclusions of law de novo. *Ellmann v. Baker*, 791 F.3d 677, 680 (6th Cir. 2015).

We have never directly addressed the standard of review under which we analyze a bankruptcy court's decision to abstain from adjudicating a claim under § 1334(c)(1). That statute provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Other circuits to consider § 1334(c)(1) bankruptcy court abstentions have reviewed those decisions for an abuse of discretion. *See, e.g.*, *In re Middlesex Power Equipment & Marine, Inc. v. Town of Tyngsborough*, 292 F.3d 61, 69 (1st Cir. 2002); *In the Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 6 F.3d 1184, 1188 (7th Cir. 1993). We agree that abuse of discretion is the appropriate standard of review. As a district court in our circuit has observed, "[t]he decision whether to abstain is within the sound discretion of the bankruptcy judge." *McDaniel v. ABN Amro Mortg. Grp.*, 364 B.R. 644, 650 (S.D. Ohio 2007). We therefore review the bankruptcy court's decision to abstain under § 1334(c)(1) for an abuse of discretion. Here, the bankruptcy court did not abuse its discretion when it abstained from rendering a judgment in the Harrises' adversary proceeding with respect to their adverse possession claim.

The Harrises claim that they acquired the privacy fences and gates between their property and the Cooleys' via adverse possession. An adverse possession claim is governed by state law, and in Ohio, such a claim—which has "stringent" elements—is "disfavored." *Grace v. Koch*, 692 N.E.2d 1009, 1011–12 (Ohio 1998). Thus, as the bankruptcy court determined, the Harrises' adverse possession claim is better resolved in state court. This decision is consistent with § 1334(c)(1)'s provision that a bankruptcy court may abstain from a claim "in the interest of comity with State courts or respect for State law." Moreover, the property at issue in the dispute between the families is not a part of the bankruptcy estate and the disposition of the Harrises' adverse possession claim will not impact the administration of the bankruptcy proceeding in any way. The Harrises fail to advance a compelling argument that the bankruptcy court otherwise abused its discretion when it abstained.

The Harrises alternatively argue that the bankruptcy court erred in abstaining because their adversary proceeding was a "core" proceeding. But whether it is a core proceeding is of no moment because a bankruptcy court may abstain in both core *and* non-core proceedings. *See, e.g.*, *Underwood v. United Student Aid Funds, Inc. (In re Underwood)*, 299 B.R. 471, 476 (Bankr. S.D. Ohio 2003).

The Harrises also argue that the Cooleys knowingly violated the bankruptcy court order when they filed a lawsuit against them in state court on May 24, 2017, after the bankruptcy court issued a stay. This argument fails for two reasons. First, the Cooleys are not creditors of the Harrises' bankruptcy estate. Second, the Harrises do not allege that they were injured by the Cooleys' state court action. Thus, whatever actions the Cooleys took after issuance of the automatic stay are not void.

As discussed above, the Harrises have failed to allege facts showing that the privacy fences and gates in dispute in the state court action are part of the bankruptcy estate or that the Cooleys are creditors in the bankruptcy case. Indeed, nothing in the Harrises' bankruptcy records indicate that the disputed property is part of the bankruptcy estate or that the Cooleys are creditors. The Harrises also do not allege that they were injured by the Cooleys' alleged violation of the automatic stay. The relevant automatic stay provision of the Bankruptcy Code provides that only "an individual injured by any willful violation of a stay" may recover damages. 11 U.S.C. § 362(k)(1); *see also Goodrich v. Union Planters Mortg.*, 196 F. App'x 586, 587 (9th Cir. 2006) (The creditor's violation of the automatic stay "is not actionable [in part] because Debtors suffered no damages."). Here, the state court docket shows that the state court case was stayed pending resolution of the Harrises' bankruptcy case or an order granting relief from the automatic stay. *See Cooley v. Harris*, No. 17CIH00071 (Scioto Cty. C.P. dkt. entry dated Aug. 14, 2018). Thus, the Harrises did not suffer any damages in the form of having to litigate the state court action at the same time as their bankruptcy proceeding.

Lastly, the Harrises argue that the bankruptcy court erred by failing to rule on their motion for default judgment and motion for contempt, both directed at the Cooleys for their failure to appear and for their alleged violation of the automatic stay. But those motions were rendered moot when the bankruptcy court entered its order dismissing the proceeding.

Accordingly, we **AFFIRM** the district court's judgment in all respects.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk